■ NATIONAL LIFE INSURANCE COMPANY, Appellant-Respondent, v FRANK B. HALL & CO. OF NEW YORK, INC., Respondent-Appellant. — Order, Supreme Court, New York County (Allen Murray Myers, J.), entered on or about April 24, 1984, granting defendant Hall's motion to dismiss the first cause of action and denying Hall's motion to dismiss the remaining causes of action, is unanimously modified, on the law, so as to dismiss the remaining causes of action, and to dismiss the complaint with prejudice, and otherwise affirmed, with costs.

Plaintiff National Life Insurance Co. (NLIC) had defendant Hall, its insurance broker, secure coverage for fidelity losses, i.e., dishonest acts of its own employees in the operation of its business. Hall did so, placing the coverage with various layers of insurance companies, purportedly to save plaintiff money. Fidelity losses up to $100,000 were placed with the primary insurer, Hartford. Losses from $100,000 to $1.1 million were covered by a secondary insurer. Those losses from $1.1 to $2.1 million were covered by a third insurer and those from $2.1 million to $10 million were placed with a fourth.

In November 1974, NLIC notified Hall and its primary insurer of a suspected act by a party or parties, purportedly involving the fraudulent sales of life insurance policies. Shortly

thereafter, in January 1975, NLIC requested that Hall notify NLIC's secondary insurer, responsible for losses from $100,000 to $1.1 million, which Hall did. The remaining two carriers were not notified at this time and were not notified until December 1975, after NLIC allegedly discovered that the losses could exceed $2.1 million.

NLIC brought an action in Federal District Court in Florida against all four insurers to recover under the policies it had with them. The first two, who had received timely notice, settled. The remaining two did not, claiming notice was not timely given. The District Court agreed, dismissing the action as to the remaining insurers. This dismissal was affirmed by the 11th Circuit.

NLIC then brought the instant action against Hall, alleging negligence by Hall in not notifying the additional insurers and also several breach of contract claims. The negligence count was dismissed by Special Term, from which order plaintiff NLIC appeals. The contractual claims were not dismissed, resulting in defendant Hall's cross appeal.

As part of the cause of action sounds in contract, under the holding in *Video Corp. v Flatto Assoc.* (58 NY2d 1026, *revg* 85 AD2d 448), the applicable Statute of Limitations is six years. Insofar as this matter is concerned, a cause of action accrues when the wrongdoing occurs, not when the wrongdoing is discovered. (*Gilbert Props. v Millstein,* 40 AD2d 100, *affd* 33 NY2d 857; *Video Corp. v Flatto Assoc., supra.*) Thus, the cause of action in the instant case accrued either on January 14, 1975, when the secondary insurer received notice, or by December 31, 1975, when the last insurer received notice. Giving plaintiff NLIC the benefit of the later date, as NLIC did not commence this action until October 1982, the action is time barred. (*See also, Powers Mercantile Corp. v Feinberg,* 109 AD2d 117.) Concur — Kupferman, J. P., Sandler, Carro, Rosenberger and Ellerin, JJ.