■ BEER CITY, INC., Respondent, v CANADA DRY BOTTLING COMPANY OF NEW YORK, Appellant, et al., Defendant.—In an action, *inter alia,* to recover damages for tortious interference with an exclusive distributorship agreement, the defendant Canada Dry Bottling Company of New York appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated November 17, 1988, which denied its motion for summary judgment dismissing the complaint as against it.

Ordered that the order is affirmed, with costs.

The plaintiff Beer City, Inc. (hereinafter Beer City), a wholesale and retail beverage distributing business on Long Island, claims to have entered into an exclusive distributorship agreement with the defendant Omni Industries, Inc. (hereinafter Omni), relating to the distribution in Nassau and Suffolk Counties of a nonalcoholic beer called "Warteck", of which Omni was the sole importer. After buying large quantities of the beverage and investing considerable energy in its promotion and distribution, Beer City learned that Omni subsequently entered into a separate exclusive distributorship agreement with the defendant Canada Dry Bottling Company of New York (hereinafter Canada Dry) to distribute the product in various territories, including Nassau and Suffolk Counties. Omni thereafter refused to sell Warteck to the plaintiff,

and Canada Dry began to distribute it in Nassau and Suffolk Counties. Beer City sued Omni to recover damages for breach of contract, and Canada Dry to recover damages for tortious interference with Beer City's contractual rights.

Canada Dry concededly was aware that Beer City had been distributing Warteck for Omni in Nassau and Suffolk Counties before Canada Dry entered into its exclusive agreement with Omni. Whether there was a valid and enforceable exclusive distributorship agreement between Omni and Beer City, and how much Canada Dry knew about the arrangement between Omni and Beer City when it contracted with Omni, are questions of fact for the jury.

Accordingly, Canada Dry's motion for summary judgment was properly denied. Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.