■ MORTON MARKS et al., Respondents, v ROY MACCHIAROLA, Appellant. [612 NYS2d 405] —Order of the Supreme Court, New York County (Peter Tom, J.), entered on or about March 3, 1993 which, insofar as appealed from, granted plaintiffs' motion for summary judgment on the first cause of action with regard to liability stemming from defendant's non-payment of rent under a lease entered into by all of the parties, unanimously reversed, on the law, and the motion denied, without costs.

This dispute results from a proposed partnership among three accountants that, despite the express intentions of its prospective members, never came into being. It involves the asserted liability of defendant Roy Macchiarola to plaintiffs, the other intended partners, for rent payments due under a lease with Lincoln Building Associates, signed by all three men. The first cause of action of the complaint asserts liability under an agreement entered into by the parties "[o]n or about October 20, 1987 * * * to share the rent due pursuant to the Lease and the rent tax for the Suite equally, with each person paying a third." However, the record contains no written agreement bearing this date, and there is no further reference to this presumably parol agreement in either the record or the briefs. In any event, plaintiffs, now doing business in the partnership name of Marks & Company, seek one-third of the rent payable under the lease from its commencement on December 1, 1987 to October 31, 1991.

Although the complaint seeks rent allegedly due over a period of nearly four years predicated on an apparently oral agreement, defendant has not interposed a defense asserting the Statute of Frauds, which is thereby waived (CPLR 3018 [b]). A fair reading of the position taken by defendant in the answer is that the parties entered into the lease in contemplation of operating a partnership out of the premises and, when the partnership did not materialize, defendant continued operating his own accounting practice out of an office located in Melville, Long Island. The answer avers that "the parties did

orally agree to each other that they would be responsible for the rent of their respective locations and not be responsible for rent of the other." It is plaintiffs who assert, on appeal, that this "alleged oral agreement falls squarely within the Statute of Frauds" and who asserted on their motion for summary judgment that "the oral modification of the Lease alleged by Mr. Macchiarola is barred by the Statute [of] Frauds." Plaintiffs also contend that the intention of the parties "to form a partnership remained separate from their obligations under the Lease * * * and appellant has not cited a shred of evidence in admissible form to the contrary."

The record contains evidence that defendant was given access to the office, retained a key, and utilized the premises on occasion to interview clients, at least some of whom were referred to Marks & Company "for servicing", according to defendant's affidavit. It is also clear that rent has at all times been paid by Marks & Company, which maintains its office at the premises. While defendant's consent to a sublease was sought, it was granted conditionally on segregation of the leased space, which condition was not fulfilled by Marks & Company before it entered into a sublease with a third party.

It is apparent that the parties misconstrue the effect of the lease, confusing the rights of the landlord vis-à-vis the tenants with rights of the tenants as against each other. An example or two will suffice to illustrate the point.

Where a landlord refuses to rent an apartment to a college student unless his parent co-signs the lease, it is clear that the landlord may proceed against the parent if the student defaults in the payment of rent. It does not therefore follow that, after several years of paying rent, the student may hold his parent liable to reimburse him for half the rent he has paid to the landlord. Likewise, if two friends, who sign a two-year lease for an apartment, discover that they are good friends but unsuitable roommates, the one who remains in the apartment cannot sue the friend who has moved out for half the rent. Nor is the result necessarily different if the friend spends one or two nights a month at the apartment, keeps a change of clothes there and retains a key. His occasional presence at the apartment does not preclude gratuitous use of the premises, and any obligation to pay rent to the lessee in possession in such instances must arise from an agreement, external to the lease, between the cotenants.

A lease governs the rights and duties of the landlord to the tenants and of the tenants to the landlord. It does not govern

the rights and obligations of the cotenants to each other, and any presumption that arises by virtue of the status of tenants in common is rebuttable *(Johnson v Depew,* 33 AD2d 645; *see also, Secrist v Secrist,* 284 App Div 331, 333-334, *affd* 308 NY 750). This was apparently recognized by plaintiffs in drafting the complaint, which is predicated on the purported agreement of October 20, 1987, made some two months after the lease was signed on August 25.

Even if the lease could be said to form the basis for defendant's asserted obligation to plaintiffs, it is clear that such obligation was undertaken in contemplation of the proposed partnership, which never operated as such. Indeed, the partnership agreement recites that the respective accounting practices "shall be combined on January 1, 1989". A subsequent written agreement states that the partnership agreement "has never been impl[e]mented or fulfilled" and is "declared by all the parties to be Null and Void as if same had never been entered effective January 1, 1989." The Court of Appeals has held that where a written undertaking is conditioned upon the occurrence of an event which does not take place, the undertaking does not become effective or binding upon the participants, even when the event is the subject of a parol condition precedent not incorporated into the writing *(Hicks v Bush,* 10 NY2d 488, 491).

In the case at bar, the averments of the parties are in conflict, plaintiffs asserting that an oral agreement obligates defendant to pay rent and defendant asserting that the oral agreement is to the contrary. Plaintiffs contend that defendant's actions are consistent with his obligations under the lease, and defendant contends that his use of the premises was entirely gratuitous *(cf., Grutman v Katz,* 202 AD2d 293). Plaintiffs construe a communication by defendant requesting that one-third of the space be segregated for his use as consistent with his liability for one-third of the rent, and defendant, in his deposition testimony, asserts that he sought to segregate the space merely so that it might be sublet by him to defray any obligation he might have to pay rent for the premises. Accordingly, the issues of fact presented preclude a summary determination in this matter. Concur— Carro, J. P., Ellerin, Rubin and Nardelli, JJ.