■ WALTER ZULINSKI et al., Appellants, v MERKLEY BROS., INC., et al., Respondents. [669 NYS2d 225] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs

appeal from an order of the Supreme Court, Rockland County (Weiner, J.), dated May 22, 1997, which granted the defendants' motion to dismiss the third cause of action asserted in the amended complaint in its entirety and the fourth cause of action insofar as it asserts a claim to recover damages for negligence.

Ordered that the order is affirmed, with costs.

The plaintiffs entered into a contract with the defendant Merkley Bros., Inc., for the construction of a new home. When the home was not completed, the plaintiffs commenced the instant action to recover damages for breach of contract and for negligence. The defendants then moved to dismiss those causes of action seeking to recover damages based on their alleged negligence.

The Supreme Court properly dismissed the third cause of action in its entirety and so much of the fourth cause of action as sought to recover damages for negligence. The gravamen of the third cause of action is that the excavation and building of the foundation deviated from plans and specifications and was not performed in a good and workmanlike manner, and the fourth cause of action alleges that the work was not performed in keeping with the warranty of good quality. These allegations assert nothing more than a breach by the general contractor of its implied obligations under the contract with the plaintiffs, which acts cannot be considered a tort (*see, Merritt v Hooshang Constr.,* 216 AD2d 542, 543; 431 *Conklin Corp. v Rice,* 181 AD2d 716, 717; *Westminster Constr. Co. v Sherman,* 160 AD2d 867, 868). The plaintiffs have failed to allege that any of the defendants engaged in tortious conduct separate and apart from the alleged failure to fulfill contractual obligations (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 316). Thus, the claims sounding in negligence were properly dismissed. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.