■ MORTON MARKS et al., Respondents, v ROY MACCHIAROLA, Appellant. [672 NYS2d 880] —Judgment, Supreme Court, New York County (Norman Ryp, J.), entered April 23, 1997, after a nonjury trial, in favor of plaintiffs and against defendant in the principal amount of $44,500.05, unanimously affirmed, with costs.

Brief though the trial court's decision is, it sets forth sufficient findings of fact and conclusions of law to satisfy the requirements of CPLR 4213 (b), and, in any event, the record of the entire trial transcript with exhibits allows this Court to make the requisite findings (see, Matter of Jose L. I., 46 NY2d 1024; Cohen v Krantz, 227 AD2d 581, 582). We find that the parties agreed in October 1987, when they actually took possession of the offices, to share the rent equally. That finding is supported by plaintiffs' testimony, apparently credited by the trial court, as well as by evidence of defendant's conduct in retaining a mailing address at, telephone line in and key to the offices, which defendant was free to, and did, use whenever he wanted, along with the equipment therein, even after the parties abrogated any partnership agreement they may have had. Defendant argues that it is incredible as a matter of law that plaintiffs, two CPA's, would permit him to use the offices for four years without paying rent, but it also appears that defendant did not pay his share of the telephone installation bill until four years after the work was completed, and that he took two years to repay plaintiffs for his employees' payroll taxes, both of which expenses he admits he was obligated to pay. The alleged oral agreement to share rent equally also has support in the lease defendant signed along with both plaintiffs two months before they took possession of the offices. The prior order of this Court (204 AD2d 221) held that the lease was not necessarily determinative of the parties' obligation to pay rent inter se. It did not preclude consideration of the lease as some evidence of the alleged oral agreement. Nor did it find as a fact that the alleged oral agreement was conditioned upon the parties' contemplated partnership coming into existence. To the extent plaintiffs proceeded at trial on the theory that defendant's obligation to pay rent was created by the lease as well as the oral agreement, any error by the trial court in granting plaintiffs' trial motion to conform the pleadings to the proof is

not preserved, since defendant did not object, and in any event was nonprejudicial (CPLR 2002). We have considered defendant's arguments of waiver and estoppel and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.