■ MICHAEL J. KOPEC et al., Respondents, v HEMPSTEAD GARDENS, INC., et al., Appellants. (And Another Title.) [696

NYS2d 53] —In an action, *inter alia,* to recover damages for breach of contract, the defendants Hempstead Gardens, Inc., M.J.J. Construction Corp., and Jonah Mandelbaum appeal from an order of the Supreme Court, Orange County (Owen, J.), dated July 24, 1998, which denied their motion for partial summary judgment dismissing the complaint insofar as asserted against the defendant Jonah Mandelbaum, and the demand for punitive damages against all of the defendants.

Ordered that the appeal by the defendants Hempstead Gardens, Inc., and M.J.J. Construction Corp. from so much of the order as denied that branch of the motion which was to dismiss the complaint insofar as asserted against the defendant Jonah Mandelbaum is dismissed as those defendants are not aggrieved by that part of the order; and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the 1st through 12th, 22nd, 23rd, and 24th causes of action insofar as asserted against the defendant Jonah Mandelbaum and substituting therefor a provision granting those branches of the motion, and (2) deleting the provision thereof denying that branch of the motion which was to dismiss so much of the complaint as sought to recover punitive damages, and substituting therefor a provision granting that branch of the motion and striking the demand for punitive damages against all of the defendants; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiffs purchased homes which were built by the defendant M.J.J. Construction Corp. on certain real property owned by the defendant Hempstead Gardens, Inc. (hereinafter Hempstead). After the homes experienced water drainage problems, the plaintiffs commenced this action against those defendant corporations as well as their principal officer, Jonah Mandelbaum, in his individual capacity.

The Supreme Court erred in failing to dismiss the causes of action to recover damages for breach of contract insofar as those causes of action were asserted against Mandelbaum, as there is no evidence to support a showing that Mandelbaum intended to be personally bound by the contracts of sale between Hempstead and the plaintiffs (*see, Ridgeline Constructors v Elmira Glass Technology Corp.,* 183 AD2d 1041, 1044; *Gottehrer v Viet-Hoa Co.,* 170 AD2d 648). Accordingly, those causes of action based on theories of fraud and negligence with respect to workmanlike construction should also have been

dismissed insofar as asserted against Mandelbaum, since they were based solely upon a failure to perform contractual promises of future acts (*see, Zulinski v Merkley Bros.*, 247 AD2d 613, 614; *Westminster Constr. Co. v Sherman,* 160 AD2d 867, 868). Further, there is no merit to the plaintiffs' claim that Mandelbaum fraudulently concealed certain subdivision maps by causing unapproved maps to be attached to the contracts of sale, as there is no evidence in the record that he either knew of or participated in the alleged fraud (*see, Matter of People v Court Reporting Inst.,* 245 AD2d 564, 565; *Abrahami v UPC Constr. Co.,* 224 AD2d 231, 234).

The Supreme Court also erred in failing to grant summary judgment dismissing the plaintiffs' claims for punitive damages against all the defendants. "Punitive damages 'may only be awarded for exceptional misconduct which transgresses mere negligence, as when the wrongdoer had acted "maliciously, wantonly, or with a recklessness that betokens an improper motive or vindictiveness" * * * or has engaged in "outrageous or oppressive intentional misconduct" or with "reckless or wanton disregard of safety or rights" ' " (*Smith v Fitzsimmons,* 180 AD2d 177, 181, quoting *Sharapata v Town of Islip,* 56 NY2d 332, 335), and are not appropriate where, as here, only ordinary negligence is involved.

The court properly denied, however, those branches of the appellants' motion which were to dismiss the causes of action to recover damages for nuisance, continuing nuisance, trespass, and negligence insofar as asserted against Mandelbaum, as evidence exists that Mandelbaum personally did work on each house in the development; specifically, that he directed the excavations and set elevations. Corporate officers may be held personally liable for torts committed in the performance of their corporate duties (*see, Westminster Constr. Co. v Sherman, supra*; *Widlitz v Scher,* 148 AD2d 530).

The plaintiffs' claim that they established a prima facie case for piercing the corporate veil is also without merit. There is no evidence that Mandelbaum exercised his complete domination of Hempstead to commit a wrong against the plaintiffs which resulted in their injury, and abused the privilege of doing business in the corporate form so as to perpetrate a wrong or injustice against the plaintiffs such that a court in equity will intervene (*see, TNS Holdings v MKI Sec. Corp.,* 92 NY2d 335, 339-340; *Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp.,* 243 AD2d 595, 596). Bracken, J. P., Goldstein, McGinity and Schmidt, JJ., concur.