■ JEARLEAN JACKSON, Appellant, v STANLEY MILLS et al., Defendants, and MARTIN DRUYAN & ASSOCIATES et al., Respondents. [703 NYS2d 95] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered April 9, 1999, which, in an action by an infant to recover money distributed pursuant to a compromise order settling a wrongful death action in which defendant Martin Druyan & Associates (Druyan) appeared as attorney of record for plaintiffs, and defendant Weitz & Luxenberg, P. C. (W&L), acting through defendant Goldhirsch, appeared as trial counsel for plaintiffs, *inter alia*, dismissed the action for failure to state a cause of action, unanimously modified, on the law, to reinstate, as against W&L and Goldhirsch, the seventh cause of action for negligence and breach of fiduciary responsibility in failing to inform the compromise court that the infant was the decedent's sole heir and distributee, and to reinstate, as against Druyan, both the seventh cause of action and the sixth for fraud in misrepresenting to the compromise court that the decedent's paternity of the infant had not been determined, and otherwise affirmed, without costs.

Issues of fact exist as to whether defendants W&L and Goldhirsch, who were trial counsel in the wrongful death action, knew of the Surrogate Court order, issued before their retainer,

awarding limited letters of administration to the decedent's mother, as guardian of the property of the decedent's child, upon clear and convincing evidence that the decedent had openly and notoriously acknowledged the child as his own in accordance with EPTL 4-1.2 (a) (2) (C). A reading of the original complaint in the wrongful death action would have put them on notice that the child was integral to the action, a fact seemingly acknowledged by defendant Goldhirsch's statement that in order to qualify the deceased defendant Stanley Mills, the decedent's brother, as administrator of the estate, he had to have him appointed as the guardian of the infant's property. None of the defendants address why the caption in the wrongful death action was changed to exclude the infant, how the infant's representative suddenly became a potential distributee and adversary, and whether defendants counseled that position. These issues, which bear upon whether W&L had a duty to represent the infant, are not dispelled by its claim that it was retained solely to represent the interests of Stanley Mills and to maximize the amount of money brought into the estate. Defendants' argument that the appointment of a Law Guardian superseded and relieved them of their fiduciary responsibilities is without merit, and does not, in any event, account for events that preceded the Guardian's appointment. As determined by the motion court, the Surrogate Court's finding that the decedent openly and notoriously acknowledged the child as his own is the law of the case. Druyan knew of that order and may well have had a duty to disclose it (*see,* Code of Professional Responsibility DR 1-102 [a] [4] [22 NYCRR 1200.3 (a) (4)]). As to Druyan, therefore, both plaintiff's seventh cause of action for negligence and breach of fiduciary duty, and sixth cause of action for fraud and misrepresentation, should be reinstated (*see, Factory Point Natl. Bank v Wooden Indian,* 198 AD2d 563, 565). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.