■ Aslam Chaudhry, Appellant-Respondent, v Lawrence M. Sands et al., Respondents-Appellants, et al., Defendants. [703 NYS2d 730] —In an action, inter alia, to recover damages for breach of an escrow agreement, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Leviss, J.H.O.), entered November 20, 1998, which, after a nonjury trial, is in favor of him and against the defendants Lawrence M. Sands and Javeed M. Chaudhry in the principal sum of only $54,327.79, and failed to award him punitive damages, and the defendants Lawrence M. Sands and Javeed M. Chaudhry cross-appeal from the same judgment.

Ordered that the judgment is modified by deleting from the first decretal paragraph the words "Javeed M. Chaudhry", and adding thereto a decretal paragraph dismissing the complaint insofar as asserted against Javeed M. Chaudhry; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The record supports the Supreme Court's determination that the defendant Lawrence M. Sands breached the terms of an

escrow agreement between, among others, him, the defendant Javeed M. Chaudhry, and the plaintiff by releasing the subject merchandise over the plaintiff's objection (*see, Takayama v Schaefer,* 240 AD2d 21, 27). However, we agree with the Supreme Court that the plaintiff was not entitled to punitive damages (*see, Kopec v Hempstead Gardens,* 264 AD2d 714; *Sforza v Health Ins. Plan,* 210 AD2d 214).

The Supreme Court erred in awarding judgment against Chaudhry on the ground that he violated the escrow agreement. The first cause of action, alleging a breach of the escrow agreement, was not asserted against him, and the sixth cause of action asserted against him, alleging conspiracy to commit fraud, was dismissed.

The parties' remaining contentions are without merit. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.