■ Jacob M. Gordon, Appellant, v Teramo & Company, Inc., et al., Defendants, and John Teramo et al., Respondents. [764 NYS2d 144] —In an action, inter alia, to recover damages for breach of a construction contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated November 12, 2002, which granted the motion of the defendants John Teramo and Jason Teramo for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff asserted various causes of action, including one to recover damages for breach of contract, against, among others, the defendant Teramo & Company, Inc., and its successor, the defendant Teramo & Strauss Construction Co., Inc. (hereinafter the defendant corporations), arising from their allegedly defective performance of certain construction work. The plaintiff also asserted negligence causes of action against the respondents Jason Teramo and John Teramo, both of whom were officers of Teramo & Company, Inc., and allegedly principals of the successor company.

The gravamen of the plaintiff's complaint is that the work "performed under the contract was performed in a less than skillful and workmanlike manner. This states a cause of action to recover damages for breach of contract, not negligence" (*Westminster Constr. Co. v Sherman*, 160 AD2d 867, 868 [1990]; *see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389-390 [1987]; *Zulinski v Merkley Bros.*, 247 AD2d 613, 614 [1998]; *Merritt v Hooshang Constr.*, 216 AD2d 542, 543 [1995]). The plaintiff's allegations of negligence against the respondents are "merely a restatement, albeit in slightly different language, of the * * * contractual obligations asserted in the cause[s] of action for breach of contract" against the defendant corporations (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., supra* at 390).

In essence, then, the plaintiff's causes of action are based on the alleged breach of a contract by the defendant corporations. As officers of the corporation with which the plaintiff contracted, or as alleged principals of the successor corporation, the respondents may not be held personally liable on the contract, since they did not bind themselves individually under that contract (*see Westminster Constr. Co. v Sherman, supra* at 868). Smith, J.P., Luciano, H. Miller and Adams, JJ., concur.