■ JEARLEAN JACKSON, Respondent, v MARTIN DRUYAN & ASSOCIATES et al., Appellants, et al., Defendants. [773 NYS2d 874]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered August 5, 2003, which denied motions by defendant attorneys for summary judgment dismissing the complaint as against them, unanimously affirmed, with separate bills of costs.

In a prior appeal of this matter, this Court noted a Surrogate's Court's determination that the decedent had openly and notoriously acknowledged the child to be his own (EPTL 4-1.2 [a] [2] [C]), and on that basis had awarded limited letters of administration to the decedent's mother as guardian of the property of the child (269 AD2d 200 [2000]). In correctly denying summary dismissal to defendant attorneys herein, the motion court nonetheless erred, this time around, in ruling that the decedent's paternity has not been definitively established.

Our prior decision made clear that such, indeed, had been established in the Surrogate's Court, which was based on evidence that included an affidavit from defendants' client Stanley Mills, acknowledging that the child was his deceased brother's son. Our prior decision also found questions regarding the unexplained alteration of the caption in the underlying wrongful death action to exclude the infant, the sudden emergence of the infant's representative therein as a potential distributee and adversary, and whether defendant attorneys had counseled those moves. We believe the record now contains sufficient evidence to resolve those issues in favor of plaintiff. However, since plaintiff has not cross-appealed, we remand the case to the IAS court for an appropriate disposition. Concur—Nardelli, J.P., Tom, Ellerin and Williams, JJ.