Daniel H. Williams, III, Respondent-Appellant, v Douglas S. Coppola et al., Appellants-Respondents. [804 NYS2d 172]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered June 25, 2004. The order, inter alia, granted in part and denied in part defendants' motion seeking summary judgment and denied plaintiff's cross motion seeking summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendants' motion in its entirety and dismissing the claim for punitive damages and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against defendants, his former attorneys, seeking damages resulting from their alleged failure to perform work they had undertaken pursuant to the parties' contingent fee agreement. The amended complaint alleges causes of action for breach of the contingent fee agreement, breach of fiduciary duty, legal malpractice, breach of the duty of good faith and fair dealing and fraud, and seeks compensatory and punitive damages. Supreme Court properly granted that part of defendants' motion seeking summary judgment dismissing the fraud cause of action and properly denied plaintiff's cross motion seeking summary judgment on that cause of action. "It is well settled that a cause of action for fraud does not arise where the only fraud alleged merely relates to a party's alleged intent to breach a contractual obligation" (767 *Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75, 76 [2004]; *see Modell's N.Y. v Noodle Kidoodle*, 242 AD2d 248, 249 [1997]). Here, plaintiff alleges that, when defendant Douglas S. Coppola signed the contingent fee agreement, he did not intend to perform one of its provisions. Thus, "far

from being collateral to the contract, the purported misrepresentation was 'directly related to a specific provision of the contract' " (*Orix Credit Alliance v Hable Co.*, 256 AD2d 114, 115 [1998]; *see First Bank of the Ams. v Motor Car Funding*, 257 AD2d 287, 291-292 [1999]).

The court erred, however, in denying that part of defendants' motion seeking summary judgment dismissing the claim for punitive damages, and we therefore modify the order accordingly. The causes of action for breach of the contingent fee agreement and legal malpractice do not allege conduct that was directed to the general public or that evinced the requisite "high degree of moral turpitude" or "wanton dishonesty" to support a claim for punitive damages (*Walker v Sheldon*, 10 NY2d 401, 405 [1961]; *see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]; *Robbins v Harris Beach & Wilcox*, 291 AD2d 797, 799 [2002]). The cause of action alleging breach of the duty of good faith and fair dealing fails to allege defendants' violation of a duty independent of the contingent fee agreement (*see Makuch v New York Cent. Mut. Fire Ins. Co.*, 12 AD3d 1110, 1111 [2004]), and thus also does not support a claim for punitive damages. Finally, the alleged conduct underlying the breach of fiduciary duty cause of action does not support a claim for punitive damages (*see Pearlman v Friedman Alpren & Green*, 300 AD2d 203, 204 [2002]). We have considered plaintiff's remaining contentions and conclude that they are lacking in merit. Present—Green, J.P., Hurlbutt, Scudder, Gorski and Lawton, JJ.