■ MEGA CONTRACTING, INC., Respondent, v INSURANCE CORPORATION OF NEW YORK et al., Defendants, and GARY E. EMANUEL BROKERAGE, INC., Appellant. (And a Third-Party Action.) [830 NYS2d 339]—In an action, inter alia, to recover damages for breach of contract, the defendant Gary E. Emanuel Brokerage, Inc., appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Weiss, J.), entered March 6, 2006, as denied that branch of its motion which was for summary judgment dismissing the eighth cause of action for breach of contract.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff, Mega Contracting, Inc. (hereinafter Mega), commenced this action, inter alia, against the defendant insurance broker, Gary E. Emanuel Brokerage, Inc. (hereinafter Emanuel), to recover damages stemming from Emanuel's alleged failure to forward a timely notice of claim to Mega's insurance carrier. Contrary to Emanuel's contention, the Supreme Court properly denied that branch of its motion which was for summary judg-

ment dismissing the eighth cause of action to recover damages for breach of contract (*see National Life Ins. Co. v Hall & Co. of N.Y.*, 111 AD2d 681, 682 [1985], *affd* 67 NY2d 1021 [1986]; *cf. Kracke v Western World Ins. Co.*, 121 AD2d 692, 693 [1986]), as there are triable issues of fact regarding the existence of a valid contract (*see Marks v Macchiarola*, 204 AD2d 221 [1994]; *Beer City v Canada Dry Bottling Co. of N.Y.*, 157 AD2d 693 [1990]).

Mega's contention that the Supreme Court erred in dismissing its seventh cause of action to recover damages for negligence (*see Lavandier v Landmark Ins. Co.*, 26 AD3d 264 [2006]) is not properly before us as Mega did not appeal from that portion of the Supreme Court's order and judgment which granted that branch of Emanuel's motion which was for summary judgment dismissing the seventh cause of action (*see Stevenson v Alfredo*, 277 AD2d 218, 220-221 [2000]). Prudenti, P.J., Krausman, Dillon and McCarthy, JJ., concur.