■ ROBERT PANASUK et al., Respondents, v VIOLA PARK RE-ALTY, LLC, et al., Appellants. (And a Third-Party Action.) [839 NYS2d 520]—

In an action, inter alia, to recover damages for breach of contract and breach of warranty, the defendants Viola Park Realty, LLC, and Kenneth Bergstol appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Alessandro, J.), dated June 8, 2006, as denied the motion of the defendant Kenneth Bergstol for summary judgment dismissing the complaint insofar as asserted against him and, in effect, granted that branch of the plaintiffs' cross motion which was pursuant to CPLR 3126 for the imposition of a sanction upon the defendants for failure to comply with a disclosure order, to the extent of directing the defendants to produce their income tax returns for the years 2002, 2003, and 2004.

Ordered that the appeal by the defendant Viola Park Realty, LLC, from so much of the order as denied the motion of the defendant Kenneth Bergstol for summary judgment dismissing the complaint insofar as asserted against him is dismissed, without costs or disbursements, as the defendant Viola Park Realty, LLC, is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and the facts, the motion of the defendant Kenneth Bergstol for summary judgment dismissing the complaint insofar as asserted against him is granted, and that branch of the plaintiffs' cross motion which was pursuant to CPLR 3126 for the imposition of a sanction upon the defendants for failure to comply with a disclosure order is denied; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiffs entered into a contract with the defendant limited liability company Viola Park Realty, LLC (hereinafter Viola), for the purchase of real property and a house to be constructed thereon (hereinafter the contract of sale). The contract of sale included a limited warranty provision warranting that the house would be free from certain defects. The defendant Kenneth Bergstol is a member of Viola.

In their complaint, the plaintiffs alleged that Viola materially and substantially breached its obligations under the contract of sale and the limited warranty provision. They further alleged that both Viola and Bergstol failed to construct the home in a

skillful manner and were negligent and careless in their design and construction of the home. Notably, the gravamen of the two causes of action asserted against Bergstol is that the work that was performed under the contract was performed in a less than skillful and workmanlike manner. Such causes of action sound in breach of contract, not negligence (*see Gordon v Teramo & Co.*, 308 AD2d 432, 433 [2003]; *Kopec v Hempstead Gardens*, 264 AD2d 714, 715-716 [1999]). A member of a limited liability company may not be held personally liable on contracts entered into by his or her company, provided he or she did not purport to bind himself or herself individually under such contracts (*cf Gordon v Teramo & Co., supra; Rothstein v Equity Ventures*, 299 AD2d 472, 474 [2002]; *Kopec v Hempstead Gardens, supra* at 715-716). On his motion for summary judgment, Bergstol established his prima facie entitlement to judgment as a matter of law by demonstrating that he did not purport to bind himself individually under the contract (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact as to his liability.

Furthermore, the Supreme Court incorrectly concluded that the motion should be denied on the ground that facts essential to justify opposition to the motion may exist upon further discovery (*see* CPLR 3212 [f]). A determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence (*see Fobbs v Rahimzada*, 39 AD3d 811 [2007]; *Lambert v Bracco*, 18 AD3d 619, 620 [2005]; *Durham v Beaufort*, 300 AD2d 435, 436 [2002]; *Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]), and the plaintiffs failed to make the requisite evidentiary showing. Moreover, the " ' [c]ourts do not favor disclosure of income tax returns without some showing that the particular information in tax returns has some specific application to the case or that other sources of information are likely to be inaccessible or unproductive' " (*Rubinfeld v Zwerling*, 261 AD2d 382, 382-383 [1999], quoting *Active Fire Sprinkler Corp. v American Home Assur. Co.*, 203 AD2d 218 [1994]). Here, the plaintiffs failed to sustain their burden in this regard by showing that the disclosure of the defendants' tax returns for the years 2002, 2003, and 2004 was warranted (*cf. Manzella v Provident Life & Cas. Co.*, 273 AD2d 923, 923-924 [2000]). Accordingly, the Supreme Court improvidently exercised its discretion in directing the defendants to provide such disclosure. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.