■ Staten Island New York CVS, Inc., Appellant-Respondent, v Gordon Retail Development, LLC, et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, and Nave, Newell & Stampfl, Ltd., et al., Respondents-Appellants. Future Tech Consultants of New York, Inc., Third-Party Defendant-Respondent, et al., Third-Party Defendants. (Action No. 1.) Staten Island New York CVS, Inc., et al., Appellants, v MXW Holding Corp., Respondent. (Action No. 2.) [870 NYS2d 74]—

The Supreme Court should have denied that branch of the motion of the defendants Gordon Retail Development, LLC, MPG Construction Corp., and MPG Construction, LLC (hereinafter the Gordon defendants), which was for summary judgment dismissing the causes of action to recover damages for breach of contract insofar as asserted against them in action No. 1. The Gordon defendants failed to establish their entitlement to judgment as a matter of law in connection with that cause of action since their submissions revealed the existence of triable issues of fact with respect to the existence of a valid contract (*see Mega Contr., Inc. v Insurance Corp. of N.Y.*, 37 AD3d 669, 670 [2007]).

Upon the showing by the defendant Virga Commercial Contractors, Inc. (hereinafter Virga), that no contract existed between it and the plaintiff Staten Island New York CVS, Inc. (hereinafter SINY CVS), SINY CVS raised a triable issue of fact as to whether it was an intended third-party beneficiary of the contract between Virga and the defendants MPG Construction Corp., and MPG Construction, LLC (*see Dormitory Auth. of State of N.Y. v Baker, Jr. of N.Y.*, 218 AD2d 515 [1995]; *Facilities Dev. Corp. v Miletta*, 180 AD2d 97, 100-101 [1992]; *Key Intl. Mfg. v Morse/Diesel, Inc.*, 142 AD2d 448, 455 [1988]).

The gravamen of the negligence causes of action asserted by SINY CVS against the Gordon defendants and Virga in action No. 1 is that the work that was performed under the contracts was performed in a less than skillful and workmanlike manner. Such causes of action sound in breach of contract, not negligence (*see Panasuk v Viola Park Realty, LLC*, 41 AD3d 804, 805 [2007]; *Kopec v Hempstead Gardens*, 264 AD2d 714, 715-716 [1999]; *Zulinski v Merkley Bros.*, 247 AD2d 613, 614 [1998]). SINY CVS's allegations of negligence against those defendants are "merely a restatement, albeit in slightly different language, of the . . . contractual obligations asserted in the cause[s] of action for breach of contract" against those defendants (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 390 [1987]).

The Supreme Court erred in granting that branch of the cross motion of the defendants Nave, Newell & Stampfl, Ltd., and Nave Newell, Inc., which was for summary judgment dismissing the cause of action to recover damages for breach of contract insofar as asserted against them in action No. 1 on the ground that no contract existed between them and SINY CVS. To the

contrary, those defendants conceded in their motion papers that such a contract existed.

The Supreme Court, however, properly denied that branch of the cross motion of the defendants Nave, Newell & Stampfl, Ltd., and Nave Newell, Inc., which was for summary judgment dismissing the cause of action to recover damages for negligence insofar as asserted against them in action No. 1. In opposition to the prima facie showing of Nave, Newell & Stampfl, Ltd., and Nave Newell, Inc., of their entitlement to judgment as a matter of law in connection with that cause of action, SINY CVS raised a triable issue of fact as to whether there was a departure from accepted standards of care and whether that departure was a proximate cause of the injury (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 323 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The Supreme Court erred in granting that branch of the cross motion of the third-party defendant Future Tech Consultants of New York, Inc., which was for summary judgment dismissing the cross claim for contribution insofar as asserted against it by the defendants Nave, Newell & Stampfl, Ltd., and Nave Newell, Inc., in action No. 1. Pursuant to CPLR 1401, "two or more persons who are subject to liability for damages for the same . . . injury to property . . . may claim contribution among them" (*Plemmenou v Arvanitakis*, 39 AD3d 612, 614 [2007]). The injury allegedly caused by the alleged negligence of Nave, Newell & Stampfl, Ltd., and Nave Newell, Inc., is the same injury as the one allegedly caused by the alleged negligence of the third-party defendant Future Tech Consultants of New York, Inc. (*see Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.*, 71 NY2d 599, 603 [1988]).

The plaintiffs' remaining contentions regarding action No. 2, commenced against MXW Holding Corp., are without merit.

The defendants' remaining arguments regarding damages for lost profits are without merit (*see Cifone v City of Poughkeepsie*, 234 AD2d 331, 332 [1996]). Fisher, J.P., Florio, Carni and Chambers, JJ., concur.