LEONARD M. ENGLERT et al., Respondents, v GERALD W. SCHAFFER, JR., ESQ., et al., as Successors in Interest to CELLINO & BARNES, et al., Appellants. [877 NYS2d 780]—

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered December 4, 2007 in a legal malpractice action. The order, insofar as appealed from, denied in part the motion of defendants to dismiss the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting those parts of the motion to dismiss the first, second, fourth and fifth causes of action and the claim for punitive damages and dismissing those causes of action and that claim and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this legal malpractice action seeking damages for, inter alia, unjust enrichment and fraud as a result of defendants' representation of them in a personal injury action. Supreme Court granted that part of defendants' motion to dismiss the complaint only with respect to the sixth cause of action and denied those parts of the motion with respect to the first through fifth causes of action. At the outset, we reject plaintiffs' contention that the motion was premature because there were discoverable facts in defendants' sole possession. "[P]laintiff[s have] not established that additional discovery would disclose facts essential to justify opposition to defendant[s'] motion" (*Gillies v National Fire Ins. Co. of Hartford*, 56 AD3d 1236, 1238 [2008], *lv denied* 12 NY3d 702 [2009] [internal quotation marks omitted]).

We agree with defendants that the court erred in denying those parts of their motion to dismiss the first and second causes of action, for unjust enrichment, inasmuch as the valid written retainer agreement precludes plaintiffs from recovering under that theory (*see generally Production Prods. Co. v Vision Corp.*, 270 AD2d 922, 923 [2000]). We further conclude that the court erred in denying that part of the motion to dismiss the fourth cause of action alleging, inter alia, that defendants improperly withheld settlement funds. The issue of the parties' rights with respect to the settlement funds was previously settled by a federal court order, and thus that cause of action is barred by the doctrine of res judicata. Plaintiffs may not now relitigate that issue " 'even if based upon [a] different theor[y] or if seeking a different remedy' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). We also agree with defendants that the court erred in denying that part of the motion to dismiss the fifth cause of action, seeking treble damages pursuant to Judiciary Law § 487, inasmuch as plaintiffs do not allege that defendants engaged in conduct that was sufficiently egregious to support such a cause of action. Similarly, the court erred in denying that part of the motion with respect to the claim for punitive damages because plaintiffs failed to "allege conduct that was directed to the general public or that evinced the requisite 'high degree of moral turpitude' or 'wanton dishonesty' " (*Williams v Coppola*, 23 AD3d 1012, 1013 [2005], *lv dismissed* 7 NY3d 741 [2006], quoting *Walker v Sheldon*, 10 NY2d 401, 405 [1961]).

Contrary to defendants' remaining contention, however, the court properly denied that part of the motion to dismiss the third cause of action, for breach of fiduciary duty, inasmuch as

plaintiffs stated a cause of action with respect thereto (*see generally Jackson v Mills*, 269 AD2d 200 [2000]). We therefore modify the order by granting those parts of defendants' motion to dismiss the first, second, fourth and fifth causes of action and the claim for punitive damages and dismissing those causes of action and that claim. Present—Hurlbutt, J.P., Martoche, Centra, Peradotto and Gorski, JJ.