■ Yury Khiyayev, Appellant, v MikeSad Enterprises, Inc., et al., Respondents. [886 NYS2d 610]—

In an action, in effect, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Markey, J.), dated January 15, 2009, as granted that branch of the defendants' motion which was, in effect, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against the defendant Michael Sadykov.

Ordered that the order is affirmed insofar as appealed from, with costs.

"A party seeking dismissal on the ground that its defense is founded on documentary evidence under CPLR 3211 (a) (1) has the burden of submitting documentary evidence that 'resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim' " (*Sullivan v State of New York,* 34 AD3d 443, 445 [2006], quoting *Nevin v Laclede Professional Prods.,* 273 AD2d 453 [2000]).

Here, the documentary evidence submitted by the defendants, i.e., the subject contract entered into between the plaintiff and the defendant MikeSad Enterprises, Inc., established that the individual defendant executed the contract solely in his corporate capacity, and did not purport to bind himself individually under the contract (*see Wiernik v Kurth,* 59 AD3d 535 [2009]; *Gordon v Teramo & Co.,* 308 AD2d 432 [2003]; *Kopec v Hempstead Gardens,* 264 AD2d 714, 715 [1999]; *Westminster Constr. Co. v Sherman,* 160 AD2d 867 [1990]; *see also Salzman Sign Co. v Beck,* 10 NY2d 63, 67 [1961]; *Dulik v Amante,* 173 AD2d 674 [1991]). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the individual defendant. Skelos, J.P., Santucci, Belen and Hall, JJ., concur.