# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**783**

**CA 12-00064**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

LEONARD M. ENGLERT AND YVONNE ENGLERT,
PLAINTIFFS-RESPONDENTS,

V                                                     MEMORANDUM AND ORDER

GERALD W. SCHAFFER, JR., ESQ., CELLINO &
BARNES, P.C., DEFENDANTS-APPELLANTS,
STEVEN BARNES, ESQ., INDIVIDUALLY AND DOING
BUSINESS AS THE BARNES FIRM, AS SUCCESSORS IN
INTEREST TO CELLINO & BARNES, AND ROSS CELLINO,
INDIVIDUALLY AND AS A PARTNER IN THE LAW FIRM
OF CELLINO & BARNES, DEFENDANTS.

---

MARK R. UBA, WILLIAMSVILLE, FOR DEFENDANTS-APPELLANTS.

BURKE AND BURKE, ROCHESTER (PATRICK J. BURKE OF COUNSEL), AND S.
ROBERT WILLIAMS, PLLC, SYRACUSE, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered April 4, 2011 in a legal malpractice action. The order denied in part defendants' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this legal malpractice action, and we previously dismissed all but the third cause of action for breach of fiduciary duty (*Englert v Schaffer*, 61 AD3d 1362, *rearg denied* 64 AD3d 1200). Supreme Court granted in part the summary judgment motion of defendants by dismissing the third cause of action against defendants Steven Barnes and Ross Cellino, but denied the motion with respect to defendants Gerald W. Schaffer, Jr., Esq., and Cellino & Barnes, P.C. (defendants).

We reject defendants' contention that summary judgment in their favor is required on the ground that plaintiffs could not establish that they would have accepted a settlement offer made in the underlying personal injury case if Schaffer had notified them of that offer. When the alleged negligence of defendant involves a failure to communicate a settlement offer, the plaintiff must "demonstrate that, but for the [defendant's] alleged negligence, [plaintiff] would have accepted the offer of settlement and would not have sustained any damages" (*Magnacoustics, Inc. v Ostrolenk, Faber, Gerb & Soffen*, 303

AD2d 561, 562, *lv denied* 100 NY2d 511).  Even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiffs raised a triable issue of fact whether they would have accepted the settlement offer if Schaffer had promptly communicated it to them (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).