Preston v Northside Collision-Dewitt, LLC (2018 NY Slip Op 00718)





Preston v Northside Collision-Dewitt, LLC


2018 NY Slip Op 00718


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, AND WINSLOW, JJ.


1215 CA 17-00775

[*1]JEFFREY D. PRESTON, PLAINTIFF-RESPONDENT,
v
NORTHSIDE COLLISION-DEWITT, LLC, NORTHSIDE COLLISION-CICERO, LLC, NORTHSIDE COLLISION-ENTERPRISES, INC., NORTHSIDE COLLISION, INC., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






WALTER D. KOGUT, P.C., FAYETTEVILLE (WALTER D. KOGUT OF COUNSEL), FOR DEFENDANTS-APPELLANTS.


 Appeal from an order of the Supreme Court, Onondaga County (Spencer J. Ludington, A.J.), entered September 19, 2016. The order, inter alia, denied the motion of defendants Northside Collision-Dewitt, LLC, Northside Collision-Cicero, LLC, Northside Collision-Enterprises, Inc., and Northside Collision, Inc. insofar as it sought summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the motion for summary judgment dismissing the second through sixth causes of action against defendants Northside Collision-Dewitt, LLC, Northside Collision-Cicero, LLC, Northside Collision-Enterprises, Inc., and Northside Collision, Inc., and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action by asserting causes of action for, inter alia, breach of contract, negligence, fraudulent misrepresentation, and violations of General Business Law § 349 against, among others, defendants-appellants (defendants), arising from their allegedly defective repair of plaintiff's vehicle after it was damaged in a collision. Defendants moved for summary judgment dismissing the complaint against them or, in the alternative, an order striking the note of issue and compelling discovery. Supreme Court denied the motion insofar as it sought summary judgment and granted the alternative relief sought by defendants.
At the outset, we note that plaintiff opposed defendants' motion with only an attorney's affirmation with no attachments, rendering it "without evidentiary value and thus unavailing" (Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). When a defendant has met its burden for summary judgment, "[m]ere assertions in an attorney's affidavit that sufficient proof exists to create a factual issue fail to satisfy plaintiff's burden" in opposition to the motion (Waterman v Yamaha Motor Corp., 184 AD2d 1029, 1029 [4th Dept 1992]). Thus, to the extent that defendants established their entitlement to judgment as a matter of law, plaintiff failed to raise any triable issues of fact (see generally Zuckerman, 49 NY2d at 562).
Contrary to defendants' contention, the court properly denied that part of their motion seeking summary judgment dismissing the first cause of action, for breach of contract. We conclude that, based on defendants' submissions, "[q]uestions of fact and credibility exist with respect to the existence of a binding . . . agreement between plaintiff and defendants, and the terms thereof, rendering summary judgment in favor of [defendants] on the first cause of action, for breach of . . . contract, inappropriate" (Sabre Intl. Sec., Ltd. v Vulcan Capital Mgt., Inc., 95 AD3d 434, 436 [1st Dept 2012]).
With respect to the second cause of action, for negligence, we agree with defendants that "[t]he gravamen of the plaintiff's complaint is that the work performed under the contract was performed in a less than skillful and workmanlike manner. This states a cause of action to recover damages for breach of contract, not negligence' " (Gordon v Teramo & Co., 308 AD2d 432, 433 [2d Dept 2003]; see Panasuk v Viola Park Realty, LLC, 41 AD3d 804, 805 [2d Dept 2007]). Thus, the negligence cause of action against defendants must be dismissed, and we modify the order accordingly.
We also agree with defendants that they are entitled to summary judgment dismissing the third cause of action, for fraudulent misrepresentation, against them. " It is well settled that a cause of action for fraud does not arise where the only fraud alleged merely relates to a party's alleged intent to breach a contractual obligation' " (Williams v Coppola, 23 AD3d 1012, 1012 [4th Dept 2005], lv dismissed 7 NY3d 741 [2006]; see Logan-Baldwin v L.S.M. Gen. Contrs., Inc., 48 AD3d 1220, 1221 [4th Dept 2008]). On this record, "far from being collateral to the contract, the purported misrepresentation was directly related to a specific provision of the contract" (Williams, 23 AD3d at 1012-1013 [internal quotation marks omitted]). Consequently, plaintiff's fourth cause of action, for punitive damages based upon fraud, must be dismissed against defendants as well, inasmuch as "[a] demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action such as fraud" (Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616 [1994]). We therefore further modify the order accordingly.
We conclude that the court erred in determining that defendants did not meet their initial burden on the motion with respect to the fifth and sixth causes of action, alleging the violation of General Business Law § 349, and we further modify the order accordingly. Defendants, as the movants, "met [their] initial burden by establishing, as a matter of law, that [their] conduct was not consumer-oriented" (Electrical Waste Recycling Group, Ltd. v Andela Tool & Mach., Inc., 107 AD3d 1627, 1630 [4th Dept 2013], lv dismissed 22 NY3d 1111 [2014]). As noted above, the gravamen of plaintiff's complaint is that defendants breached a contract to repair plaintiff's vehicle, and "[p]rivate contract disputes, unique to the parties, . . . [do] not fall within the ambit of the statute" (Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 25 [1995]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court