Popal v DiLorenzo (2024 NY Slip Op 05230)

Popal v DiLorenzo

2024 NY Slip Op 05230

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-05625
 (Index No. 68/22)

[*1]Farid Popal, appellant,
v
Stephen DiLorenzo, respondent.

Farid Popal, Walkill, NY, appellant pro se.
Kravet & Vogel, LLP, New York, NY (Joseph A. Vogel of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Eileen Daly-Sapraicone, J.), dated May 5, 2023. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud and breach of contract.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action, inter alia, to recover damages for fraud and breach of contract, arising out of two purported agreements that he had with the defendant, a licensed private investigator, whom the plaintiff hired in the hope that the defendant would uncover exculpatory evidence to support his claim that he was wrongfully convicted of murder in the second degree in 2006. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The plaintiff opposed the motion. In an order dated May 5, 2023, the Supreme Court, inter alia, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging fraud and breach of contract. The plaintiff appeals.
When deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Rudovic v Law Off. of Timothy A. Green, 200 AD3d 814, 815, quoting Leon v Martinez, 84 NY2d 83, 87-88). "Where . . . evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Kastin v GEICO Gen. Ins. Co., 190 AD3d 710, 711-712, quoting Pacific W., Inc. v E & A Restoration, Inc., 178 AD3d 834, 835).
A motion to dismiss based on documentary evidence pursuant to CPLR 3211(a)(1) may be granted "only where the documentary evidence utterly refutes the plaintiff's factual allegations" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 215 AD3d 907, 908 [internal [*2]quotation marks omitted]; see Bascom v 1875 Atl. Ave Dev., LLC, 227 AD3d 767, 768-769). "In order for evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable" (Bianco v Law Offs. of Yuri Prakhin, 189 AD3d 1326, 1328). "Judicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (id. [alterations and internal quotation marks omitted]).
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (New York Tile Wholesale Corp. v Thomas Fatato Realty Corp., 153 AD3d 1351, 1353-1354 [internal quotation marks omitted]). "A cause of action sounding in fraud must be pleaded with the requisite particularity under CPLR 3016(b)" (City of Long Beach v Agostisi, 221 AD3d 776, 779). "CPLR 3016(b) is satisfied when the facts suffice to permit a reasonable inference of the alleged misconduct" (id. [internal quotation marks omitted]). "Generally, a cause of action alleging breach of contract may not be converted to one for fraud merely with an allegation that the contracting party did not intend to meet its contractual obligations" (Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d 913, 914; see New York Univ. v Continental Ins. Co., 87 NY2d 308, 318-319).
Here, the complaint failed to set forth facts sufficient to permit a reasonable inference of fraud. Rather, the complaint merely alleged that the defendant failed to perform certain obligations, which, according to the plaintiff, were required by the parties' agreements. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging fraud (see New York Univ. v Continental Ins. Co., 87 NY2d at 318; Kastin v GEICO Gen. Ins. Co., 190 AD3d at 712; Refreshment Mgt. Servs., Corp. v Complete Off. Supply Warehouse Corp., 89 AD3d at 914).
The Supreme Court also properly directed dismissal of the cause of action alleging breach of contract. "An individual who signs a corporate contract and indicates the name of the corporation and the nature of his representative capacity on the contract is generally not subject to personal liability" (Metropolitan Switch Bd. Co., Inc. v Amici Assoc., Inc., 20 AD3d 455, 455 [internal quotation marks omitted]; see Savoy Record Co. v Cardinal Export Corp., 15 NY2d 1, 4; Yellow Book Sales & Distrib. Co., Inc. v Mantini, 85 AD3d 1019, 1021; Stern v H. DiMarzo, Inc., 77 AD3d 730, 731). Here, the documentary evidence submitted by the defendant, in the form of the agreements between the plaintiff and Cover 2 Investigations, Inc., established that the defendant executed the agreements solely in his corporate capacity and did not purport to bind himself individually (see Khiyayev v MikeSad Enters., Inc., 66 AD3d 845, 846). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the cause of action alleging breach of contract (see Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408, affd 19 NY3d 511; Khiyayev v MikeSad Enters., Inc., 66 AD3d at 846; Gordon v Teramo & Co., 308 AD2d 432, 433).
The parties' remaining contentions are without merit.
DUFFY, J.P., MILLER, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court