SARAH C. D'AUTREMONT AND OTHERS, AS EXECUTORS OF CHARLES D'AUTREMONT, DECEASED, PLAINTIFFS, v. THE FIRE ASSOCIATION OF PHILADELPHIA, DEFENDANT.

*Fire insurance — setting fire by the insured, while insane, to his property — an action is maintainable on the policy.*

Charles d'Autremont took out a policy of insurance upon certain buildings owned by him and subsequently became insane, and while in that condition set fire to the insured buildings, he himself perishing in the flames.

In an action upon the policy brought by his executors to recover the amount of the loss thereunder:

*Held*, that they were entitled to recover.

That, in order to avoid a policy the act of the insured must be so grossly negligent as to indicate an intention to commit a fraud upon the rights of the insurer.

That an insane person was incapable of forming a fraudulent or wrongful design to destroy his own property with a view of defrauding the insurer.

SUBMISSION of a controversy between Sarah C. d'Autremont, Mary d'Autremont, Jr., and Charles d'Autremont, as executors of Charles d'Autremont, deceased, as plaintiffs, and the Fire Association of Philadelphia, as defendant, upon an agreed statement of facts, under section 1279 of the Code of Civil Procedure.

*Richardson & Robins*, for the plaintiff.

*William F. Cogswell*, for the defendant.

MACOMBER, J. :

Charles d'Autremont, the plaintiff's testator, received from the defendant, which is a foreign corporation, on the 15th day of June, 1890, a policy of fire insurance against loss or damage to property of the insured to the amount of $2,000 on buildings and their contents, owned by the insured and located in Angelica, N. Y.; the sum of $800 thereof was upon the insured's dwelling-house ; $700 on a frame barn and the attachments thereto ; $425 on farm produce, and $75 on a frame hog-house and granary.   While this policy was in force the frame barn and attachments thereto were destroyed by fire, together with certain farm produce therein, and the adjacent hog-house and granary were somewhat injured by fire.   The total loss sustained by the insured was the sum of $1,017.

The submission contains certain facts in regard to a claim made by the defendant for diminution of the amount of damages by reason of an agreement relating to a permission given by the defendant that the premises might be vacated. · But inasmuch as no point is made on this subject in the brief of the learned counsel for the defendant, I shall assume that the amount of damages, if the plaintiff is entitled to recover anything, is the sum stated above.

After the policy had been issued by the defendant to plaintiffs' testator, and prior to the burning of the property insured, which was March 30, 1891, the insured became insane, and while in that condition, and being so far mentally disordered as not to understand that the act he was about to commit would cause the destruction of his property or of his own life, and while acting under the influence of some insane impulse which he was wholly unable to resist, he set fire to these buildings, and himself perished therein.

The question, therefore, presented for our determination, is whether the personal representatives of the insured can recover upon this policy when the loss was caused solely by the act of the insured himself.

It is well understood that a lunatic is not liable criminally for his unlawful acts, for the reason that he is incapable of forming a purpose or having an intent which is an essential element in the commission of crime under our laws. (Penal Code, § 20.) It is equally well established, on the other hand, that an insane person is responsible, civilly, for any tort committed by him where a wrongful intent is not an essential thing to be proved. Under this head comes the class of negligence cases where carelessness or ignorance are the foundations of the action. It has been decided in the courts of this State that, in such a case as that, the plea of insanity is not effective. (*Krom* v. *Schoonmaker*, 3 Barb., 649.)

In actions upon policies to recover damages occasioned by loss through fire, it is not a defense which the insurance company may avail itself of, to show that the loss was caused by the carelessness, negligence or want of care of the insured, or any of his agents or servants. The insurance company, in order to establish such a defense, must go farther and show that the act was so grossly negligent as to indicate an intention to commit a fraud upon the rights of the insurer. The simple fact of the existence of negligence in either the insured or his agents, however great the degree, provided it does not reach the point of a wrongful or fraudulent purpose, or a wanton disregard of others, is not a defense to a policy of fire insurance. (*Gates* v. *M. C. M. Ins. Co.*, 5 N. Y., 469.)

I am unable to see that an insane person can form a fraudulent or wrongful design in the destruction of his own property so as to defeat a policy of insurance thereon any more than I can see that he can form a criminal intent in the commission of crime.

The learned counsel for the defendant cites the case of *Cross* v. *Kent* (32 Md., 581), where it was held, in an action against a party for setting fire to a barn, that evidence of his lunacy was not admissible in mitigation of compensatory damages. But, as it seems to me, that case falls within the general doctrine stated above, that an insane person's estate may be called upon to respond to his acts which are simply tortious.

On the whole, I think that the question submitted to us should be answered in favor of the plaintiffs. (*Karow* v. *Cort. Ins. Co.*, 57 Wis., 56.)

It follows that the plaintiffs should recover the sum of $1,017 and interest thereon from August 10, 1891.

DWIGHT, P. J., and LEWIS, J., concurred.

Judgment ordered for the plaintiffs on the submission, with costs.