■ NORMAN J. CHARNOCK et al., Respondents, v PREFERRED MUTUAL INSURANCE COMPANY, Appellant. [722 NYS2d 670] —Or-

der unanimously affirmed with costs. Memorandum: Supreme Court properly denied that part of defendant's motion seeking dismissal of the action pursuant to CPLR 3216. Plaintiffs met their burden of demonstrating a justifiable excuse for their failure to file a note of issue within 90 days of defendant's demand (see, CPLR 3216 [e]; *Lichter v State of New York,* 198 AD2d 687, 687-688). Plaintiffs established that their delay did not result from their intent to abandon the action, but instead resulted from their attorney's debilitating injury (see, *Hansel v Lamb,* 227 AD2d 838, 839). Plaintiffs also met their burden of demonstrating a good and meritorious cause of action (see, CPLR 3216 [e]).

The court also properly denied that part of defendant's motion seeking summary judgment dismissing the breach of contract claim of plaintiff Janet Charnock alleged in the first cause of action. Assuming, arguendo, that defendant met its initial burden, we conclude that the evidence regarding Janet's mental illness raises triable issues of fact whether Janet intentionally caused the loss when she started the fire (see, 70 NY Jur 2d, Insurance, § 1492, at 214-215; see also, *D'Autremont v Fire Assn.,* 65 Hun 475), willfully refused to participate in an examination under oath (see, *Alpha Auto Brokers v Continental Ins. Co.,* 214 AD2d 629) or willfully concealed or misrepresented a material fact in the sworn statement in proof of loss (see, *Kyong Nam Chang v General Acc. Ins. Co.,* 193 AD2d 521). (Appeal from Order of Supreme Court, Erie County, Dillon, J.—Summary Judgment.) Present—Green, J. P., Wisner, Hurlbutt and Burns, JJ.