■ JANG B. PARMAR et al., Respondents, v HERMITAGE INSURANCE COMPANY, Appellant. [800 NYS2d 726]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Rivera v Parmar*, pending in the Supreme Court, Richmond County, under index No. 11011/00, the defendant appeals from an order of the Supreme Court, Richmond County (Solomon, J.), dated March 29, 2004, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the claim for punitive damages and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs.

The plaintiffs owned and managed a multi-family residence (hereinafter the Premises) for which the defendant issued a general liability policy (hereinafter the Policy), insuring the Premises as a "two family dwelling." In September 1999 Eduardo Rivera, an infant (hereinafter the infant), allegedly sustained injuries in the basement of the Premises, where he lived with his family. The infant's father claimed that he told the plaintiffs about the accident the following day. The plaintiffs, however, alleged that they first received notice of the accident and the potential claim against them by letter dated December 21, 1999, from the infant's attorney. They immediately forwarded the letter to their insurance broker. The broker, in turn, asserted that in January 2000 he faxed this information to the wholesale broker, the Morstan Agency (hereinafter Morstan), an agent of the defendant. Both Morstan and the defendant deny receipt of this notice, and maintain that their first notice of any claim came by way of the summons and complaint in the underlying action served on Morstan in April 2000.

The defendant denied coverage on the grounds that the notice was untimely under the Policy provision requiring an insured to provide notice "as soon as practicable," and that the plaintiffs

made a material misrepresentation in the insurance application. The defendant, inter alia, sought rescission of the Policy based on this material misrepresentation, claiming that the rental of the basement as a third-family dwelling violated the "Classification Limitation" of the Policy, which the defendant issued in reliance on the plaintiffs' representation that the Premises was a two-family dwelling.

The requirement that an insured notify its liability insurance carrier of a potential claim "as soon as practicable" operates as a condition precedent to coverage (*White v City of New York*, 81 NY2d 955, 957 [1993]). The defendant maintains that the plaintiffs had knowledge of the potential claim weeks, if not months, before their receipt of the December 1999 letter from the infant's attorney. In the alternative, the defendant argues that, assuming the plaintiffs did not know about the accident until December 1999, the failure to notify it of the accident until April 2000 was unreasonable as a matter of law. However, the record reveals the existence of triable issues of fact as to when the plaintiffs acquired knowledge that the infant was injured on the Premises and when the defendant was first notified of the accident. Thus, the defendant was not entitled to summary judgment based upon late notice of the accident.

The defendant also failed to demonstrate its entitlement to summary judgment based on a material misrepresentation by the plaintiffs (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713, 714 [2001]; *cf. Gorra v New York Life Ins. Co.*, 276 AD2d 469, 470 [2000]; *see* Insurance Law § 3105 [b]). The issue of materiality is generally a question of fact for the jury (*see Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214, 216 [1976], *affd* 42 NY2d 928 [1977]). To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, which show that it would not have issued the same policy if the correct information had been disclosed in the application (*see* Insurance Law § 3105 [c]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 437 [2003]; *Tuminelli v First Unum Life Ins. Co.*, 232 AD2d 547 [1996]; *Shapiro v Allstate Life Ins. Co. of N.Y.*, 202 AD2d 659, 660 [1994]). Conclusory statements by insurance company employees, unsupported by documentary

evidence, are insufficient to establish materiality as a matter of law (*see Curanovic v New York Cent. Mut. Fire Ins. Co., supra; Tuminelli v First Unum Life Ins. Co., supra*).

Assuming that the plaintiffs made the misrepresentations complained of, the conclusory statement by the defendant's underwriter to the effect that it would not have issued the Policy had it known that the Premises included a third apartment, located in the basement, was insufficient to establish materiality as a matter of law (*see Curanovic v New York Cent. Mut. Fire Ins. Co., supra; Tuminelli v First Unum Life Ins. Co., supra*).

However, the claim for punitive damages should have been dismissed (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613-614 [1994]; *Fulton v Allstate Ins. Co.*, 14 AD3d 380, 381 [2005]). Prudenti, P.J., Goldstein, Crane and Mastro, JJ., concur.