■ YERUSHALMI & ASSOCIATES, LLP, Respondent, v WESTLAND OVERSEAS CORP. et al., Appellants. [803 NYS2d 620]—

In an action to recover legal fees allegedly due and owing, the defendants appeal from an order of the Supreme Court, Nassau County (Joseph, J.), dated January 16, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

When the language of a contract is ambiguous, its construction presents a question of fact which may not be resolved by the court on a motion for summary judgment (*see DePasquale v Daniel Realty Assoc.*, 304 AD2d 613 [2003]; *Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]). Here, the contingency provision of the retainer fee agreement at issue is unclear and ambiguous as to whether a 4% contingency must be paid on the sum of money in an investment account previously frozen by a federal court order, in addition to

the 4% contingency to be paid on the sum of money recovered by the plaintiff law firm that allegedly was stolen from the account.

Furthermore, a question of fact remains as to whether the bank's refusal to allow the defendants access to money in the investment account is a dispute between the bank and the defendants that arose subsequent to the recovery of the funds, or whether the plaintiff law firm failed to successfully recover the funds in the first instance. Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint (*see Reiner v Wenig*, 269 AD2d 379 [2000]).

In any event, the defendants' motion was made before discovery was complete and many of the essential issues of fact in this case are within the knowledge of individuals who had not yet been deposed. Hence, summary judgment was premature (*see Plaza Invs. v Kim*, 208 AD2d 704 [1994]; *Lewis v Agency Rent-A-Car*, 168 AD2d 435 [1990]). Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.