■ P.J. LENHARD et al., Respondents, v GENESEE PATRONS CO-OPERATIVE INSURANCE COMPANY, Appellant, and LABARGE AGENCY, INC., et al., Respondents. [818 NYS2d 644]—

Peters, J. Appeal from an order of the Supreme Court (Ryan, J.), entered February 24, 2005 in Clinton County, which denied a motion by defendant Genesee Patrons Co-operative Insurance Company for summary judgment dismissing the complaint against it.

In 1992, plaintiffs purchased property in the Town of Altona, Clinton County. In 1998, they began construction of a home on

that property and defendant Andree LaBarge arranged for its insurance shortly thereafter. At that time, plaintiff P.J. Lenhard worked as a chiropractor for the Mohawk tribe in the Holistic Healing Clinic located on the Ganienkeh territory. Plaintiff Ann Lenhard, his wife, also worked in that facility. When the original policy was close to expiring, LaBarge contacted Edward Russell, an insurance underwriter, to obtain new coverage for plaintiffs' property with defendant Genesee Patrons Cooperative Insurance Company. After an initial telephone conversation with Russell, Francis Spiotta, the vice-president of Genesee Patrons, permitted Russell to quote a premium to LaBarge, as agent, to bind coverage. LaBarge completed the insurance application for plaintiffs but it contained several errors, including a representation that the house was located five miles from the nearest fire department when the actual distance was somewhere between 9 to 9.4 miles; Ann signed the application and never noticed the error. Genesee Patrons received and processed the application, and construction on the home was completed in late fall of 2000. It is undisputed that in none of the initial conversations between Russell and LaBarge was there a discussion regarding the distance of the house to the closest fire department.

In December 2000, P.J. left his job with the clinic on the Ganienkeh territory under acrimonious circumstances. Ann testified that there were extreme philosophical differences between P.J. and the Mohawk tribe. She also feared for her family's physical safety, asserting that she had been threatened by a member of the tribe after P.J. and their daughter left for Hawaii. Plaintiffs ultimately purchased property in Hawaii and P.J. remained there with his daughter until March 2002 while Ann placed the Clinton County property up for sale. While Ann was visiting family on the night of February 10, 2001, the home in Clinton County burned to the ground. The local police found no evidence of arson. A Genesee Patrons investigator conducted several interviews with Ann shortly after the fire wherein she misrepresented P.J.'s whereabouts. She later maintained that such misrepresentations were an attempt to protect P.J. from the Mohawks. When the claim for loss was denied by Genesee Patrons, plaintiffs commenced this action. Genesee Patrons unsuccessfully moved for summary judgment, claiming that plaintiffs were uncooperative and that they made material misrepresentations justifying noncoverage.

Upon appeal, Genesee Patrons contends that the fact that the property was not five miles, but 9 to 9.4 miles, away from the nearest responding fire department caused it to be inaccurately

classified as "semi-protected" which, in turn, influenced its decision to bind the property. While it is undisputed that this information was not properly listed in the insurance application (*see* Insurance Law § 3105 [a]), the issue of whether this misrepresentation was sufficiently material to void the policy is generally a question of fact (*see Leamy v Berkshire Life Ins. Co.*, 39 NY2d 271, 274 [1976]; *Parmar v Hermitage Ins. Co.*, 21 AD3d 538, 540 [2005]; *Curanovic v New York Cent. Mut. Fire Ins. Co.*, 307 AD2d 435, 436-437 [2003]; *Carpinone v Mutual of Omaha Ins. Co.*, 265 AD2d 752, 754 [1999]). Genesee Patrons, as the movant, had the burden of establishing the materiality of this misrepresentation by "clear and substantially uncontradicted evidence" (*Carpinone v Mutual of Omaha Ins. Co., supra* at 754), which could include documentation showing that the insurer had refused coverage in the past under similar circumstances (*see* Insurance Law § 3105 [c]; *Curanovic v New York Cent. Mut. Fire Ins. Co., supra* at 437); conclusory statements alone will not be sufficient (*see Parmar v Hermitage Ins. Co., supra* at 540-541).

Reviewing Genesee Patrons's proffer and acknowledging Russell's and Spiotta's averments that coverage would not have been offered had the distance been accurately represented, we find that Genesee Patrons did not sustain its burden of establishing the materiality of this statement as a matter of law. Neither Russell nor Spiotta averred that they would not have underwritten this property if they had known that its distance was actually between 9 to 9.4 miles from the nearest fire station. Moreover, no documentation established that Genesee Patrons had denied coverage under similar circumstances. Left with their statements alone, the proffer was insufficient (*see Curanovic v New York Cent. Mut. Fire Ins. Co., supra* at 437; *Carpinone v Mutual of Omaha Ins. Co., supra* at 755).

Addressing Ann's misrepresentations to Genesee Patrons when asked about P.J.'s whereabouts after the fire, we acknowledge the numerous clauses in plaintiffs' policy requiring their cooperation in the investigation of a claim and warning against misrepresentations. However, Genesee Patrons had to show that Ann's misrepresentations were "willful and intentional" (*Kyong Nam Chang v General Acc. Ins. Co. of Am.*, 193 AD2d 521, 521 [1993]; *see Charnock v Preferred Mut. Ins. Co.*, 281 AD2d 981, 982 [2001]). Clearly, Ann made misrepresentations regarding P.J.'s whereabouts immediately after the fire. However, P.J. was not in the area for one month prior to the fire, the fire was not found to be arson and his location was ultimately provided, resulting in his examination by both the

Hawaiian police and by Genesee Patrons's attorney. With Ann maintaining that she feared for not only P.J.'s safety but that of their daughter, we agree that Genesee Patrons's proffer was insufficient to establish, as a matter of law, that Ann made these misrepresentations with the intent to defraud or that her deception, amounting to a brief delay, could be found, as a matter of law, to be a material breach of her duty to cooperate under the policy.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with one bill of costs.