■ ADAM CHRISTOPHERSEN, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant, et al., Defendant. [824 NYS2d 171]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendant Allstate Insurance Company appeals from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated September 9, 2005, as, upon denying the plaintiff's cross motion, inter alia, for summary judgment on the first cause of action to recover damages for breach of contract, in effect, denied its request to search the record and award it summary judgment dismissing that cause of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

A policy of insurance is vitiated where the insured has " 'willfully and fraudulently placed in the proofs of loss a statement of property lost which he did not possess, or has placed a false and fraudulent value upon the articles which he did own' " (*Saks & Co. v Continental Ins. Co.*, 23 NY2d 161, 165 [1968], quoting *Domagalski v Springfield Fire & Mar. Ins. Co.*, 218 App Div 187, 190 [1926]). However, "unintentional fraud or false swearing or the statement of any opinion mistakenly held are not grounds for vitiating a policy" (*Sunbright Fashions v Greater N.Y. Mut. Ins. Co.*, 34 AD2d 235, 237 [1970], *affd* 28 NY2d 563 [1971]). While there is no question that the plaintiff gave the defendant Allstate Insurance Company (hereinafter Allstate) inaccurate information in his original proof of loss statements, a triable issue of fact exists as to whether the plaintiff thereby intended to defraud Allstate (*see e.g. St. Irene Chrisovalantou Greek Orthodox Monastery v Cigna Ins. Co.*, 226 AD2d 624 [1996]; *cf. Pipo Bar & Rest., Inc. v Certain Underwriters at Lloyd's at London*, 15 AD3d 556, 557 [2005]; *Rickert v Travelers Ins. Co.*, 159 AD2d 758, 760 [1990]).

Further, a triable issue of fact exists regarding whether the plaintiff's other alleged misrepresentations were sufficiently material to warrant the denial of coverage under the policy. Indeed, "[t]he issue of materiality is generally a question of fact for the jury [and] . . . [c]onclusory statements by insurance company employees . . . are insufficient to establish materiality as a matter of law" (*Parmar v Hermitage Ins. Co.*, 21 AD3d 538, 540-541 [2005]; *see Lenhard v Genesee Patrons Co-op. Ins. Co.*, 31 AD3d 831 [2006]).

Accordingly, the Supreme Court correctly declined to search the record and award Allstate summary judgment dismissing the first cause of action to recover damages for breach of contract insofar as asserted against it. Santucci, J.P., Mastro, Spolzino and Fisher, JJ., concur.