██ TOWN OF RIVERHEAD, Appellant, v COUNTY OF SUFFOLK, Respondent. [887 NYS2d 650]—

In an action, inter alia, to permanently enjoin the defendant from constructing and utilizing a fueling facility in the Town of Riverhead, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated December 22, 2008, as denied its motion for summary judgment on the complaint as premature.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Town of Riverhead, commenced this action to permanently enjoin the defendant, County of Suffolk, from constructing and using a new fueling facility on property located inside the Indian Island County Park, which is situated in the Town. The new facility was intended to replace an older one, which also was located in the park. Among other things, as relevant here, the Town alleged that the County violated the public trust doctrine by diverting public parkland to be used for nonpark purposes without prior State legislative approval (see Friends of Van Cortlandt Park v City of New York, 95 NY2d 623 [2001]), that the County was subject to local zoning requirements, and that the County had violated a number of them.

In a previous round of motion practice, the Town moved to preliminarily enjoin construction and use of the new facility during the pendency of the action, and the County cross-moved to dismiss the complaint, inter alia, for failure to state a cause of action, and as academic, since construction of the new facility was substantially complete at the time the action was commenced. The Supreme Court denied the Town's motion and granted the County's cross motion, concluding that the action had been rendered academic. In addition, the court dismissed the Town's causes of action on the merits.

On the Town's prior appeal, we modified the order appealed from and reinstated the causes of action alleging unauthorized alienation of public parkland and violation of the Town Code (see Town of Riverhead v County of Suffolk, 39 AD3d 537 [2007]). Among other things, we observed that, given the conflicting evidence in the record relevant to the issue, the Supreme Court should not have dismissed the action as academic. We further found that the Town had stated a cause of action alleging unauthorized alienation of public parkland and,

therefore, that cause of action had to be reinstated. We also reinstated the cause of action alleging violations of the Town Code, despite the County's argument that it was immune from local zoning regulation. The conflict in the parties' positions on this latter issue had to be resolved according to the "balancing of public interests test" of *Matter of County of Monroe (City of Rochester)* (72 NY2d 338 [1988]), and based on the conflicting evidence in the record, it could not be established that the County was entitled to construct and operate the new fueling facility.

Thereafter, the County answered the complaint. The parties engaged in some documentary disclosure. The County noticed the depositions of 10 Town witnesses. Furthermore, immediately following this Court's decision and order in the prior appeal, the Town conducted a public hearing to assess the factors of the balancing test of *Matter of County of Monroe.* As a result, by resolution No. 449, dated May 10, 2007, the Town resolved that the new fueling facility must comply with the Town Code.

Thereafter, prior to any depositions, the Town moved for summary judgment on the complaint. The County opposed the motion. The Supreme Court determined that the Town added no material additional proof to what was previously considered by this Court on the prior appeal. Accordingly, in the order appealed from, the court denied the motion as premature since discovery was not yet complete. We affirm the order insofar as appealed from.

We agree that the record now before us does not support an award of summary judgment in the Town's favor. At this stage, summary judgment would be premature absent depositions of the parties (*see Yerushalmi & Assoc., LLP v Westland Overseas Corp.*, 21 AD3d 1098, 1099 [2005]).

To the extent that the Town argues that its resolution No. 449 entitled it to summary judgment on its cause of action alleging the County's violation of the Town Code, we reject that contention. Whether the County is subject to the Town's zoning provisions in this case is ultimately a judicial determination that must be made pursuant to the balancing of public interests test of *Matter of County of Monroe.* Under the circumstances presented, a more complete record, including the depositions of the witnesses with knowledge of the facts relevant to that test, must be developed in order to inform that inquiry.

The Town's remaining contentions are without merit. Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.