NICOLE CORRADO, Respondent, v EAST END POOL & HOT TUB, INC., et al., Appellants. [892 NYS2d 797]—

The gravamen of the negligence cause of action in this case is that the work performed under the contract was performed in a less than skillful and workmanlike manner. Such a cause of action sounds in breach of contract, not negligence (*see Staten Is. N.Y. CVS, Inc. v Gordon Retail Dev., LLC*, 57 AD3d 760, 763 [2008]; *Panasuk v Viola Park Realty, LLC*, 41 AD3d 804, 805 [2007]). The plaintiff's allegations of negligence are "merely a restatement, albeit in slightly different language, of the . . . contractual obligations asserted in the cause[s] of action [alleg-

ing] breach of contract" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 390 [1987]). Accordingly, the Supreme Court should have granted that branch of the defendants' cross motion which was for summary judgment dismissing the negligence cause of action.

The defendants failed to meet their prima facie burden of demonstrating entitlement to judgment as a matter of law on the remaining causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). As the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). In any event, the defendants' cross motion was made before discovery was complete, and many of the essential issues of fact are within the knowledge of individuals who have not yet been deposed (*see Long Is. Power Auth. v Anderson*, 67 AD3d 652 [2009]; *Town of Riverhead v County of Suffolk*, 66 AD3d 1004 [2009]; *Yerushalmi & Assoc., LLP v Westland Overseas Corp.*, 21 AD3d 1098, 1099 [2005]).

The defendants' remaining contention is without merit (*see* CPLR 325 [d]; NY City Civ Ct Act §§ 201, 202). Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.