■ Alexander Ashkenazi, as Trustee of the Zablidowsky Life Insurance Trust, Appellant, v AXA Equitable Life Insurance Company, Respondent. [937 NYS2d 215]—

In this stranger owned life insurance case, plaintiff Alexander Ashkenazi, as Trustee of the Zablidowsky Life Insurance Trust (the Trust), sued defendant AXA, alleging breach of contract and seeking payment on two life insurance policies, for $5 million and $3 million, respectively. The Trust was the owner and beneficiary of both policies, each of which insured the life of Estelle Zablidowsky, an elderly woman of modest means. AXA moved for summary judgment prior to the completion of discovery, seeking dismissal of the complaint and rescission of the policy.

Summary judgment is premature at this juncture since there are issues of fact as to whether the decedent's net worth and the existence of another life insurance policy were material to AXA's decision to issue the policy (*Alaz Sportswear v Public Serv. Mut. Ins. Co.*, 195 AD2d 357, 358 [1993]). Based on the submitted excerpts of the trial transcripts in *Settlement Funding, LLC v AXA Equit. Life Ins. Co.* (2010 WL 3825735, 2010 US Dist LEXIS 104451 [SD NY 2010]), and other submissions, plaintiff demonstrated that further discovery is warranted on the issues of whether AXA's submitted underwriting guidelines are complete, whether AXA routinely ignored its own requirement to confirm an insured's financial net worth via an inspection report, and whether the financial information or any additional existing policies was material to AXA's underwriting decisions regarding similarly situated applicants. Thus, proof of defendant's underwriting practices with respect to applicants with similar histories is required.

Plaintiff's request for a premium refund, submitted for the first time in his motion to renew and reargue, however, was properly denied (CPLR 2221 [e]; *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1992], *lv dismissed and denied* 80

NY2d 1005 [1992]). In any event, a request for return of the premiums paid is premature in light of our determination that the propriety of the rescission cannot be resolved without further discovery. Concur—Tom, J.P., Sweeny, DeGrasse, Abdus-Salaam and Manzanet-Daniels, JJ. [**Prior Case History: 2009 NY Slip Op 33111(U).**]