In an action, inter alia, to recover damages for breach of contract, the defendants Midwood Lumber & Millwork, Inc., and Boyard Contracting, Inc., appeal from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated September 22, 2011, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, with leave to renew after completion of depositions of both sides.
Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the *891 defendants Midwood Lumber & Millwork, Inc., and Boyard Contracting, Inc., which was for summary judgment dismissing the cause of action to recover damages for negligence insofar as asserted against them, with leave to renew upon completion of depositions of both sides, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action alleging, inter alia, that the defendants Midwood Lumber & Millwork, Inc., and Boyard Contracting, Inc. (hereinafter together the moving defendants), contracted to provide construction work, labor, and services at a condominium building the plaintiffs were constructing.
The Supreme Court should have granted that branch of the moving defendants’ cross motion which was for summary judgment dismissing the cause of action to recover damages for negligence insofar as asserted against them. The gravamen of the negligence cause of action is that the work performed under the contract was performed in a less than skillful and workmanlike manner. Such a cause of action sounds in breach of contract, not negligence (see Corrado v East End Pool & Hot Tub, Inc., 69 AD3d 900, 900 [2010]; Staten Is. N.Y. CVS, Inc. v Gordon Retail Dev., LLC, 57 AD3d 760, 763 [2008]; Panasuk v Viola Park Realty, LLC, 41 AD3d 804, 805 [2007]). The plaintiffs’ allegations of negligence are “merely a restatement, albeit in slightly different language, of the . . . contractual obligations asserted in the cause[s] of action for breach of contract” (Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 390 [1987]; see Kallman v Pinecrest Modular Homes, Inc., 81 AD3d 692, 692-693 [2011]; Corrado v East End Pool & Hot Tub, Inc., 69 AD3d at 900-901).
The Supreme Court properly denied that branch of the moving defendants’ cross motion which was for summary judgment dismissing the cause of action alleging breach of contract insofar as asserted against them, with leave to renew upon completion of the depositions of both sides. Under the circumstances of this case, summary judgment on that cause of action was premature (see CPLR 3212 [f|; Jones v American Commerce Ins. Co., 92 AD3d 844, 845 [2012]; James v Aircraft Serv. Intl. Group, 84 AD3d 1026, 1027 [2011]; Gardner v Cason, Inc., 82 AD3d 930, 931-932 [2011]).
The parties’ remaining contentions are without merit or need not be reached in light of our determination. Mastro, J.E, Hall, Lott and Sgroi, JJ., concur.