In an action to recover damages for breach of two insurance policies, in which the defendant counterclaimed to rescind the policies, the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Westchester County (Adler, J.), entered July 25, 2012, as granted the defendant’s motion for summary judgment on its counterclaim for rescission and denied their cross motion for summary judgment on the complaint, and (2) an order of the same court, also entered July 25, 2012, as denied, as academic, their separate cross motion to preclude the defendant’s expert from testifying at trial.
Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.
“[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented” (Zilkha v Mutual Life Ins. Co. of N.Y., 287 AD2d 713, 714 [2001]; see Insurance Law § 3105 [b]; Parmar v Hermitage Ins. Co., 21 AD3d 538, 540 [2005]). Whether a misrepresentation is material is generally a question of fact for the jury (see Schirmer v Penkert, 41 AD3d 688, 690 [2007]; Process Plants Corp. v Beneficial Natl. Life Ins. Co., 53 AD2d 214, 216 [1976], affd 42 NY2d 928 [1977]).
“To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, *1032 such as underwriting manuals, bulletins, or rules pertaining to similar risks, which show that it would not have issued the same policy if the correct information had been disclosed in the application” (Parmar v Hermitage Ins. Co., 21 AD3d at 540; see Insurance Law § 3105 [c]; Curanovic v New York Cent. Mut. Fire Ins. Co., 307 AD2d 435, 437 [2003]). “[E]yen innocent misrepresentations, if material, are sufficient to allow an insurer to defeat recovery under the insurance contract” (Meagher v Executive Life Ins. Co. of N.Y., 200 AD2d 720, 720 [1994]; see Tennenbaum v Insurance Corp. of Ireland, 179 AD2d 589, 592 [1992] ; Abulaynain v New York Merchant Bakers Mut. Fire Ins. Co., 128 AD2d 575, 576 [1987]; Kulikowski v Roslyn Sav. Bank, 121 AD2d 603 [1986]; Barrett v State Mut. Life Assur. Co., 49 AD2d 856 [1975], affd 44 NY2d 872 [1978], cert denied 440 US 912 [1979]). ‘‘[Mjaterial misrepresentations . .'.if proven, would void the . . . insurance policy ab initia” (Taradena v Nationwide Mut. Ins. Co., 239 AD2d 876, 877 [1997]; see Sun Ins. Co. of N.Y. v Hercules Sec. Unlimited, 195 AD2d 24, 30 [1993] ).
Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law on its counterclaim for rescission (see Meah v A. Aleem Constr., Inc., 105 AD3d 1017, 1020 [2013]; Schirmer v Penkert, 41 AD3d 688, 690-691 [2007]; Roudneva v Bankers Life Ins. Co. of N.Y., 35 AD3d 580, 581 [2006]). In support of its motion, the defendant established, prima facie, that the plaintiffs’ decedent made material misrepresentations in his application for the subject insurance policies. Moreover, the defendant also established, prima facie, that, had it been properly advised, it would not have issued the subject policies.
In opposition to the defendant’s showing of entitlement to judgment as a matter of law on its counterclaim for rescission of the life insurance policies, the plaintiffs failed to raise a triable issue of fact concerning either the decedent’s misrepresentation or the materiality of that misrepresentation (see Zuckerman v City of New York, 49 NY2d 557 [1980]). Moreover, the plaintiffs did not raise a triable issue of fact concerning the doctrine of waiver, as they did not provide evidence that the defendant clearly manifested an intent to abandon its right to assert the existence of a material misrepresentation as a defense to the plaintiffs’ claim for payment of the policies (see Sulner v G.A. Ins. Co. of N.Y. , 224 AD2d 205, 206 [1996]; see also Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968 [1988]). Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment on its counterclaim for rescission, and denied the plaintiffs’ cross motion for summary judgment on the complaint.
*1033 In light of our determination, we conclude that the Supreme Court properly denied, as academic, the plaintiffs’ separate cross motion to preclude the defendant’s expert from testifying at trial.
We need not reach the plaintiffs’ remaining contentions. Rivera, J.E, Lott, Roman and Cohen, JJ., concur.