■ PHOENIX LIFE INSURANCE COMPANY, Respondent, v JACOB P ILIT A et al., Appellants. [992 NYS2d 28]—

In an action to rescind three life insurance policies and for a judgment declaring that the policies are null and void, the defendants appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated August 9, 2012, which denied their motion for summary judgment, in connection with the second cause of action, declaring that the policies are not null and void since they made no financial misrepresentations to induce the plaintiff to issue the policies and, in connection with the third cause of action, that the policies are not null and void solely by virtue of their lack of an insurable interest in the subject of the policies, and granted the plaintiff's cross motion for summary judgment on the first cause of action, which was for rescission of the policies, and, in connection with the second cause of action, declaring that the policies are null and void since the defendants made financial misrepresentations to induce the plaintiff to issue the policies.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment, in connection with the third cause of action, declaring that the subject life insurance policies are not null and void solely by virtue of their lack of an insurable interest in the subject of the policies, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provisions thereof granting the plaintiff's cross motion for summary judgment on the first cause of action, which was for rescission of the policies, and in connection with the second cause of action, declaring that the policies are null and void since the defendants made financial misrepresentations to induce the plaintiff to issue the policies, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed, with costs to the defendants, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia,

declaring that the subject insurance policies are not null and void solely by virtue of the defendants' lack of an insurable interest in the subject of the policies.

In 2007, Phoenix Life Insurance Company (hereinafter the plaintiff) issued one $5 million life insurance policy insuring the life of Jacob Pinkesz and two $5 million life insurance policies insuring the life of Jacob's twin brother, Julius Pinkesz. At the very end of the statutorily mandated two-year contestability period (*see* Insurance Law § 3203 [a] [3]), the plaintiff commenced this action, naming various trusts and trustees as defendants. The plaintiff sought to rescind the policies on the grounds that the Pinkesz brothers made material misrepresentations with respect to their criminal histories (first cause of action), and a judgment declaring that the policies are null and void because the Pinkesz brothers made material misrepresentations with respect to their finances in order to induce the plaintiff to issue the policies (second cause of action), and because the Pinkesz brothers participated in an impermissible "stranger-owned" life insurance scheme, inasmuch as they procured the policies for the sole purpose of reselling them to outside investors, thus lacking the necessary interest in the insurability of the ultimate subjects of the policies (third cause of action).

The defendants moved for summary judgment in connection with the second and third causes of action, in effect, declaring that the policies are not null and void since they made no material financial misrepresentation to induce the plaintiff to issue the policies, and that the policies are not null and void solely by virtue of their lack of an insurable interest in the subjects of the policies. The plaintiff cross-moved for summary judgment in its favor on the first and second causes of action. The Supreme Court denied the defendants' motion and granted the plaintiff's cross motion. The defendants appeal.

The Supreme Court erred in granting that branch of the plaintiff's cross motion which was for summary judgment on the first cause of action, as the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Novick v Middlesex Mut. Assur. Co.*, 84 AD3d 1330, 1331 [2011]). The plaintiff's own submissions reveal the existence of a triable issue of fact as to whether any alleged misrepresentations made by the Pinkesz brothers with respect to their criminal histories was material (*see* Insurance Law § 3105 [b] [1]; *Christophersen v Allstate Ins. Co.*, 34 AD3d 515, 516 [2006]; cf. *Shapiro v Allstate Life Ins. Co. of N.Y.*, 202 AD2d 659, 660 [1994]).

Neither the plaintiff nor the defendants were entitled to summary judgment with respect to the second cause of action, since

neither the plaintiff nor the defendants established their prima facie entitlement to judgment as a matter of law in connection with that cause of action. Triable issues of fact exist as to whether any alleged misrepresentations made by the Pinkesz brothers with respect to their finances were material (*see Ashkenazi v AXA Equit. Life Ins. Co.*, 91 AD3d 576, 577 [2012]; *Kirkpatrick v State Farm Fire & Cas. Co.*, 255 AD2d 363, 363-364 [1998]). Moreover, the motion and cross motion for summary judgment were made before discovery was complete. Many of the essential issues of fact are within the knowledge of individuals who have not yet been deposed (*see Corrado v East End Pool & Hot Tub, Inc.*, 69 AD3d 900, 901 [2010]; *Yerushalmi & Assoc., LLP v Westland Overseas Corp.*, 21 AD3d 1098, 1099 [2005]). Further, certain information pertaining to when the plaintiff learned that the Pinkesz brothers allegedly misrepresented their finances (*see United States Life Ins. Co. in the City of N.Y. v Blumenfeld*, 92 AD3d 487, 488-490 [2012]; *Scalia v Equitable Life Assur. Socy. of U.S.*, 251 AD2d 315 [1998]), and the plaintiff's underwriting practices with respect to applicants with similar histories (*see* Insurance Law § 3105 [c]; *Ashkenazi v AXA Equit. Life Ins. Co.*, 91 AD3d at 577), has not yet been exchanged.

As the plaintiff concedes on appeal, its third cause of action is no longer viable in light of the Court of Appeals' ruling in *Kramer v Phoenix Life Ins. Co.* (15 NY3d 539, 545 [2010]). Accordingly, the defendants are entitled to summary judgment declaring that the policies are not null and void solely by virtue of their alleged lack of an insurable interest in the subjects of the policies.

The plaintiff's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the subject policies are not null and void solely by virtue of the defendants' alleged lack of an insurable interest in the subjects of the policies (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Eng, P.J., Leventhal, Lott and Roman, JJ., concur.