■ DARREN WALKER, Respondent, v CHRIS TIGHE et al., Appellants. [36 NYS3d 228]—

In an action, inter alia, to recover damages for breach of a homeowner's insurance policy, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated September 23, 2014,

as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant State Farm Fire and Casualty Company.

Ordered that the order is affirmed insofar as appealed from, with costs.

On June 21, 2012, a fire caused damage to a home located on Linwood Street in Brooklyn. The property was insured by the defendant State Farm Fire and Casualty Company (hereinafter State Farm) pursuant to a homeowner's policy of insurance. Sometime after the fire, the plaintiff submitted a claim to State Farm for coverage, and State Farm denied the plaintiff's claim. The plaintiff then commenced this action against State Farm and Chris Tighe, the insurance agent who sold the plaintiff the policy of insurance. The plaintiff asserted a cause of action to recover damages for breach of contract against State Farm, and causes of action to recover damages for breach of contract and negligence against Tighe. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against State Farm. The Supreme Court denied that branch of the defendants' motion, and the defendants appeal.

"As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning . . . and the interpretation of such provisions is a question of law for the court" (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007] [citations omitted]; *see Richner Communications, Inc. v Tower Ins. Co. of N.Y.*, 72 AD3d 670 [2010]; *NIACC, LLC v Greenwich Ins. Co.*, 51 AD3d 883, 884 [2008]).

Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against State Farm. The defendants contend that the subject policy limits coverage solely to one, two, three, or four-family dwellings, and that the plaintiff's property is not a one, two, three, or four-family dwelling, within the meaning of the policy. However, contrary to the defendants' contention, the policy does not limit coverage solely to one, two, three, or four-family dwellings. Moreover, given the structural configuration of the plaintiff's property, the defendants failed to establish, as a matter of law, that the property was not a one, two, three, or four-family dwelling (*see generally Lema v Tower Ins. Co. of N.Y.*, 119 AD3d 657 [2014]; *Dauria v CastlePoint Ins. Co.*, 104 AD3d 406 [2013]; *Hermitage Ins. Co. v LaFleur*, 100 AD3d 426 [2012]).

The defendants also contend that the plaintiff violated the concealment or fraud condition of the subject policy by making

certain material misrepresentations in his proof of loss statements. "A concealment and fraud provision of an insurance policy 'makes clear that the general rule of insurance law requiring good faith and fair dealing applies to fraudulent statements and false swearing made by an assured after a loss' " (*Azzato v Allstate Ins. Co.*, 99 AD3d 643, 645 [2012], quoting *Domagalski v Springfield Fire & Mar. Ins. Co.*, 218 App Div 187, 189 [1926]). "This provision is breached if an insured tenders a fraudulent proof of loss as the basis for a recovery under the policy" (*Saks & Co. v Continental Ins. Co.*, 23 NY2d 161, 165 [1968]). However, " 'unintentional fraud or false swearing or the statement of any opinion mistakenly held are not grounds for vitiating a policy' " (*Christophersen v Allstate Ins. Co.*, 34 AD3d 515, 516 [2006], quoting *Sunbright Fashions v Greater N.Y. Mut. Ins. Co.*, 34 AD2d 235, 237 [1970], *affd* 28 NY2d 563 [1971]). Moreover, the issue of materiality is generally a question of fact for the jury, and "[c]onclusory statements by insurance company employees . . . are insufficient to establish materiality as a matter of law" (*Parmar v Hermitage Ins. Co.*, 21 AD3d 538, 540-541 [2005]; *see Christophersen v Allstate Ins. Co.*, 34 AD3d 515 [2006]).

Here, while the plaintiff may have given the defendants inaccurate information in his proof of loss statements, a triable issue of fact exists as to whether the plaintiff intended to defraud the defendants (*see Christophersen v Allstate Ins. Co.*, 34 AD3d 515 [2006]; *St. Irene Chrisovalantou Greek Orthodox Monastery v Cigna Ins. Co.*, 226 AD2d 624 [1996]). Furthermore, a triable issue of fact exists regarding whether the alleged misrepresentations were sufficiently material to warrant the denial of coverage under the policy (*see Christophersen v Allstate Ins. Co.*, 34 AD3d 515 [2006]; *Parmar v Hermitage Ins. Co.*, 21 AD3d at 540).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against State Farm, the Supreme Court properly denied that branch of their motion regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Chambers, J.P., Dickerson, Duffy and LaSalle, JJ., concur.