■ LEADING INSURANCE GROUP INSURANCE COMPANY, LTD., Respondent, v XIAO WU CHEN et al., Defendants, and K AND K 7619, INC., Appellant. [55 NYS3d 299]—

In an action for a judgment declaring that an insurance policy issued by the plaintiff to the defendant Xiao Wu Chen is void ab initio and that the plaintiff is not required to defend or indemnify Xiao Wu Chen in an underlying third-party action entitled *Sheng Hai Tong v K & K 7619, Inc.*, pending in the Supreme Court, Kings County, under Index No. 5456/11, the defendant K and K 7619, Inc., appeals from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated September 30, 2014, as denied its motion, in effect, for summary judgment declaring that the insurance policy was not void ab initio and that the plaintiff is required to defend and indemnify Xiao Wu Chen in the underlying third-party action.

Ordered that the order is affirmed insofar as appealed from, with costs.

In March 2011, a defendant in this action, Sheng Hai Tong, commenced an action entitled *Sheng Hai Tong v K & K 7619, Inc.*, in the Supreme Court, Kings County, under Index No. 5456/11 (hereinafter the underlying action), seeking damages for injuries he alleged that he sustained when he was renovating property owned by the defendant K and K 7619, Inc. (hereinafter K and K), and leased by the defendant Xiao Wu Chen, doing business as Family 99 Cent Store (hereinafter Chen). In the underlying action, Tong alleged that he severed his thumb when he was cutting plastic floor tile in preparation for the opening of the business. Chen had obtained insurance for the business from Leading Insurance Group Insurance Company,

Ltd. (hereinafter the plaintiff). In the underlying action, K and K commenced a third-party action against Chen to recover damages for contractual and common-law contribution and/or indemnification and breach of contract (hereinafter the third-party action). Thereafter, the plaintiff commenced this action seeking a judgment declaring that (1) the insurance policy issued by it to Chen was void ab initio due to material misrepresentations made by Chen during the application process, and (2) it was not obligated to defend or indemnify Chen under the insurance policy for claims set forth in the underlying action or third-party action. K and K thereafter moved in this action, in effect, for summary judgment declaring that the insurance policy was not void ab initio and that the plaintiff is required to defend and indemnify Xiao Wu Chen in the third-party action. The Supreme Court denied the motion in its entirety. K and K appeals.

"To establish the right to rescind an insurance policy, an insurer must show that its insured made a material misrepresentation of fact when he or she secured the policy" (*Interboro Ins. Co. v Fatmir*, 89 AD3d 993, 993-994 [2011]; *see Novick v Middlesex Mut. Assur. Co.*, 84 AD3d 1330, 1330 [2011]; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d 855, 856 [2009]; *Zilkha v Mutual Life Ins. Co. of N.Y.*, 287 AD2d 713, 714 [2001]). "A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (*Interboro Ins. Co. v Fatmir*, 89 AD3d at 994; *see* Insurance Law § 3105 [b]; *Novick v Middlesex Mut. Assur. Co.*, 84 AD3d at 1330; *Varshavskaya v Metropolitan Life Ins. Co.*, 68 AD3d at 856). The continued acceptance of premiums by an insurer after learning of facts which would allow for rescission of an insurance policy may constitute a waiver of, or estoppel against, the insurer's right to rescind (*see Scalia v Equitable Life Assur. Socy. of U.S.*, 251 AD2d 315, 315 [1998]; *see also United States Life Ins. Co. in the City of N.Y. v Blumenfeld*, 92 AD3d 487, 490 [2012]; *United States Life Ins. Co. in the City of N.Y. v Grunhut*, 83 AD3d 528, 529 [2011]).

Here, K and K failed to establish its prima facie entitlement to judgment as a matter of law. K and K failed to eliminate triable issues of fact as to whether the plaintiff had a basis to rescind the insurance policy based on Chen's alleged material misrepresentation of fact when it secured the policy. K and K also failed to eliminate triable issues of fact as to whether the plaintiff was estopped from rescinding the policy based on the policy's renewal. Accordingly, the Supreme Court properly denied K and K's motion, without regard to the sufficiency of

the plaintiff's submissions in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

K and K's remaining contention need not be addressed in light of our determination. Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.