Young v May (2022 NY Slip Op 50790(U))

[*1]

Young v May

2022 NY Slip Op 50790(U) [76 Misc 3d 129(A)]

Decided on August 11, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 11, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S.
DRISCOLL, JJ

2021-629 W C

Timothy Young and Debora Young,
Respondents,
against
David May, Doing Business as New York Remodeling Corp.,
Appellant. 

Gerald Zuckerman, for appellant.
Timothy Young and Debora Young, respondents pro se (no brief filed).

Appeal from a judgment of the City Court of Peekskill, Westchester County (Lissette G.
Fernandez, J.), entered September 10, 2021. The judgment, after a nonjury trial, awarded
plaintiffs the principal sum of $5,000.

ORDERED that the judgment is modified by reducing the award in favor of plaintiffs to the
principal sum of $1; as so modified, the judgment is affirmed, without costs.
Plaintiffs commenced this small claims action sounding in breach of contract (see Corrado v East End Pool & Hot
Tub, Inc., 69 AD3d 900, 900 [2010]) to recover the principal sum of $5,000 from
defendant, a contractor, for the cost of remediation and the value of plaintiffs' damaged and/or
destroyed possessions as the result of a mold condition that occurred in their attic after defendant
replaced the siding on their house. Following a nonjury trial, the City Court entered a judgment
in favor of plaintiffs in the principal sum of $5,000.
In a small claims action, our review is limited to a determination of whether "substantial
justice has . . . been done between the parties according to the rules and principles of substantive
law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000];
Williams v Roper, [*2]269 AD2d 125 [2000]). Since
plaintiffs provided only one estimate for the cost of remediation of the mold condition
(see UCCA 1804) and failed to provide any testimony or documentation regarding the
condition, age and cost of any of their allegedly damaged and/or destroyed possessions (see Charles v Boland, 57 Misc 3d
150[A], 2017 NY Slip Op 51524[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]), we find that the City Court's determination that plaintiffs were entitled to receive the
principal sum of $5,000 cannot be sustained. Nevertheless, nominal damages are always
available in breach of contract actions and plaintiffs are entitled to recover such damages to
vindicate their rights arising from the breach of contract (see Bevilaqua-Fiorino v Top Class
Limousine, 7 Misc 3d 129[A], 2005 NY Slip Op 50529[U] [App Term, 2d Dept, 9th &
10th Jud Dists 2005]). Consequently, the judgment should be reduced to the sum of $1.
Accordingly, the judgment is modified by reducing the award in favor of plaintiffs to the
principal sum of $1.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 11, 2022