American Empire Surplus Lines Ins. Co. v ZNKO Constr., Inc. (2023 NY Slip Op 01496)

American Empire Surplus Lines Ins. Co. v ZNKO Constr., Inc.

2023 NY Slip Op 01496

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2019-09236
 (Index No. 521197/17)

[*1]American Empire Surplus Lines Insurance Company, appellant, 
v
ZNKO Construction, Inc., et al., defendants, Cabgram Developer, LLC, et al., defendants-respondents; John Rajnauth, et al., intervenors-respondents.

Tressler LLP, New York, NY (Dominic M. Pisani of counsel), for appellant.
Avanzino & Moreno, P.C., Brooklyn, NY (Marc Gertler and John K. Avanzino of counsel), for intervenor-respondent John Rajnauth.
Clark & Fox, New York, NY (Dennis J. Monaco of counsel), for defendant-respondent Waterfront Plaza, LLC, and intervenor-respondent Certain Underwriters at Lloyd's, London.
Chartwell Law, New York, NY (Matthew Kraus of counsel), for intervenor-respondent Mt. Hawley Insurance Company.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that certain insurance policies issued by the plaintiff to the defendant ZNKO Construction, Inc., were void ab initio and that the plaintiff was entitled to rescission of those policies, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated June 12, 2019. The order denied the motion of the plaintiff and the defendant ZNKO Construction, Inc., for summary judgment declaring that the subject insurance policies were void ab initio and that the plaintiff was entitled to rescission of those policies.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
In November 2017, the plaintiff commenced the instant action, inter alia, for a judgment declaring that three commercial general liability insurance policies issued by it to the defendant ZNKO Construction, Inc. (hereinafter ZNKO), were void ab initio due to material misrepresentations made by ZNKO during the application process. Thereafter, the plaintiff and ZNKO moved for summary judgment declaring that the subject insurance policies were void ab initio and that the plaintiff was entitled to rescission of the policies. The Supreme Court denied the motion, determining, in effect, that the motion for summary judgment was "procedurally improper" due to the plaintiff's failure to join certain necessary parties. The plaintiff appeals.
The Supreme Court erred in determining, in effect, that the motion for summary judgment was "procedurally improper" due to the plaintiff's failure to join certain necessary parties [*2](see CPLR 1001[a]; BT Holdings, LLC v Village of Chester, 189 AD3d 754, 759; Signature Bank v Faibish, 142 AD3d 1069). Nevertheless, we affirm the order appealed from on a ground different from that relied upon by the court.
"[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation. A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented" (Zilkha v Mutual Life Ins. Co. of N.Y., 287 AD2d 713, 714; see Insurance Law § 3105[b][1]; Rodriguez v Mercury Cas. Co., 207 AD3d 674, 675; Thandi v Otsego Mut. Fire Ins. Co., 199 AD3d 849, 851; Piller v Otsego Mut. Fire Ins. Co., 164 AD3d 534, 535-536; Leading Ins. Group Ins. Co., Ltd. v Xiao Wu Chen, 150 AD3d 977, 978). The issue of materiality is generally a question of fact for the jury (see Christophersen v Allstate Ins. Co., 34 AD3d 515, 516; Process Plants Corp. v Beneficial Natl. Life Ins. Co., 53 AD2d 214, 216). To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, which show that it would not have issued the same policy if the correct information had been disclosed in the application (see Insurance Law § 3105[c]; Piller v Otsego Mut. Fire Ins. Co., 164 AD3d at 536; Morales v Castlepoint Ins. Co., 125 AD3d 947, 948; Parmar v Hermitage Ins. Co., 21 AD3d 538, 540). However, "[c]onclusory statements by insurance company employees, unsupported by documentary evidence, are insufficient to establish materiality as a matter of law" (Parmar v Hermitage Ins. Co., 21 AD3d at 540-541). Further, the continued acceptance of premiums by an insurer after learning of facts which would allow for rescission of an insurance policy may constitute a waiver of, or estoppel against, the insurer's right to rescind (see 5512 OEAAJB Corp. v Hamilton Ins. Co., 189 AD3d 1136, 1138; Scalia v Equitable Life Assur. Socy. of U.S., 251 AD2d 315, 315).
Here, the plaintiff and ZNKO failed to establish their prima facie entitlement to judgment as a matter of law. Triable issues of fact exist, inter alia, as to whether the alleged misrepresentations were material, and whether the plaintiff waived its right to rescind by accepting further premiums after learning of facts which would allow for rescission (see Leading Ins. Group Ins. Co., Ltd. v Xiao Wu Chen, 150 AD3d at 978; Phoenix Life Ins. Co. v Jacob Pinkesz, 120 AD3d 566, 568). Accordingly, the motion was properly denied, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit.
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court